COUNTY OF LA CROSSE, Petitioner-Respondent,

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION,
Respondent-Co-Appellant-Petitioner,

LOCAL 1403 & AFSCME, AFL-CIO, Respondent-Appel-
lant-Petitioner.

Supreme Court

*No. 91–1375. Oral argument January 6, 1994.—Decided
March 15, 1994.*

(Also reported in 513 N.W.2d 579.)

16

17

18

For the respondent-appellant-petitioner there were briefs by *Bruce F. Ehlke* and *Lawton & Cates, S.C.,* Madison and oral argument by *Bruce F. Ehlke.*

For the respondent-co-appellant-petitioner the cause was argued by *David C. Rice,* assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

For the petitioner-respondent there was a brief and oral argument by *William A. Shepherd,* assistant corporation counsel, LaCrosse.

Amicus curiae was filed by *Bruce Meredith,* staff counsel, Madison, for the Wisconsin Education Association Council.

Amicus curiae was filed by *Richard V. Graylow, Diana L. Stone,* and *Lawton & Cates, S.C.,* Madison for the Professional Fire Fighters of Wisconsin, Inc.

Amicus curiae was filed by *Marianne Goldstein Robbins, Rassandra L. Cody* and *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.,* Milwaukee for the Wisconsin State AFL–CIO.

Amicus curiae was filed by *John J. Prentice* and *Godfrey & Kahn, S.C.,* Sheboygan for the Wisconsin Counties Association.

SHIRLEY S. ABRAHAMSON, J.   This is a review of a published decision of the court of appeals, *County of La Crosse v. Wisconsin Employment Relations Commn,* 174 Wis. 2d 444, 497 N.W.2d 455 (1993), affirming an order of the circuit court for La Crosse county, Michael J. Mulroy, Circuit Judge. We reverse the decision of the court of appeals and remand the cause for further proceedings.

The circuit court determined that the employe's exclusive remedy for the county's termination of her employment following a work-related injury was provided by the Worker's Compensation Act. Thus the circuit court concluded that La Crosse county, a municipal employer, did not commit a prohibited practice when it refused to arbitrate the employe's grievance for termination under the collective bargaining agreement. The circuit court reversed a decision of the Wisconsin Employment Relations Commission (WERC). WERC had held that La Crosse county had committed a prohibited labor practice within the meaning of sec. 111.70(3)(a)5, Stats. 1991–92, by refusing to arbitrate questions about the meaning or application of the terms of a collective bargaining agreement, specifically with respect to a grievance over the termination or layoff of an employe with a work-related injury.

The court of appeals decided that sec. 102.03(2), Stats. 1991–92, the exclusive remedy provision of the Worker's Compensation Act, does not preclude a municipal employer from agreeing in a collective bargaining agreement to submit to arbitration whether an employe with a work-related injury was terminated for "proper cause." The court of appeals further ruled that an employer could waive the exclusive remedy provision by a collective bargaining agreement. Because the agreement in issue did not "explicitly address the refusal of the county to rehire an employee who is injured in the course of his or her employment," *County of La Crosse v. WERC,* 174 Wis. 2d 444, 452, 497 N.W.2d 455 (Ct. App. 1993), the court of appeals concluded, as had the circuit court, that La Crosse county had not committed a prohibited labor practice.

Three issues are before this court: (1) Does sec. 102.03(2) Stats. 1991–92, the exclusive remedy provision of the Worker's Compensation Act, in conjunction with sec. 102.35(3), Stats. 1991–92, the remedy for refusal to rehire, bar an employe who has suffered a work-related injury from seeking arbitration under a collective bargaining agreement to determine whether her termination or layoff for a work-related injury violated the agreement?[1] (2) Did the legislature intend

---

[1] Because La Crosse county did not seek review of this issue and did not give notice prior to filing its brief that it would argue this issue, AFSCME moved that the portion of the La Crosse county's brief that argues this issue be struck. We deny AFSCME's motion. As we have explained in several decisions, the prevailing party need not file a petition for cross-review to defend a decision in its favor on a ground raised previously, even if that ground was not relied upon by the court of appeals. *See In the Interest of Jamie L.,* 172 Wis. 2d 218, 232, 493 N.W.2d 56 (1992); *Hommel v. Hommel,* 162 Wis. 2d 782, 795–96, 471

sec. 102.35(3), the remedy for refusal to rehire, to bar an employe who has suffered a work-related injury from seeking arbitration under a collective bargaining agreement to determine whether her termination or layoff for a work-related injury violated the agreement? (3) If secs. 102.03(2) and 102.35(3) do not bar an employe's relief under a collective bargaining agreement for termination of employment or layoff, is an arbitrator permitted to decide whether the employer had proper cause to terminate or lay off an employe suffering from a work-related injury when the collective bargaining agreement contains a grievance arbitration provision and a management rights provision recognizing a municipal employer's right to "suspend or otherwise discharge" an employe "for proper cause?"

We conclude that the exclusive remedy provision of the Worker's Compensation Act, viewed in conjunction with the provision on refusal to rehire, does not bar an employe who has suffered a work-related injury from seeking arbitration under a collective bargaining agreement to determine whether termination or layoff following a work-related injury violated the agreement. We also conclude that the legislature did not intend sec. 102.35(3), establishing a remedy for an employer's refusal to rehire, to bar an employe who has suffered a work-related injury from seeking arbitration under a collective bargaining agreement to determine whether termination or layoff following a work-related injury violated the agreement. We further conclude, as did WERC, that the collective bargaining agreement in the case at bar covers the employe's grievance on its face

N.W.2d 1 (1991); *State v. Johnson,* 153 Wis. 2d 121, 124, 449 N.W.2d 845 (1990); *State v. Alles,* 106 Wis. 2d 368, 383–395, 316 N.W.2d 378 (1982).

and that no other provision of the agreement explicitly excludes the grievance from arbitration.

## I.

This case arose out of a dispute between a member of AFSCME Local 1403 and her employer, La Crosse county. The relevant facts are not in dispute.

Helen Lewis was employed as a resident aide at the Lakeview Health Center (Health Center) operated by La Crosse county. As a condition of employment she was required to be capable of lifting 50 pounds or more. On August 12, 1987, Lewis was injured on the job, but later returned to light duty. She was determined to have a permanent partial disability of 5 percent of the whole person with a lifting capability permanently restricted to 25 pounds, and received compensation under the Act. On February 8, 1989, La Crosse county removed Lewis from her position.

AFSCME Local 1403, a labor organization as defined in sec. 111.70(1)(h), and La Crosse county, a municipal employer as defined in sec. 111.70(1)(j), were parties to a collective bargaining agreement which governed the wages, hours and certain conditions of employment of employes at the Health Center, including Lewis. On February 14, 1989, Lewis filed a grievance alleging that she had been terminated in violation of the proper cause provision of the agreement.[2] La Crosse county advised Lewis that she had not been terminated but had been placed on disability

---

[2] Section 2.01 of the agreement provides that . . . the County retains the normal rights and functions of management and those that it has by law. Without limiting the generality of the foregoing, this includes the right to hire, promote, transfer, demote or suspend or otherwise discharge or discipline for *proper cause* . . .. (Emphasis added.)

layoff. On March 24, 1989, the grievance was amended to challenge the disability layoff.

La Crosse county refused to proceed to arbitration of the grievance. On February 2, 1990, AFSCME filed a complaint with WERC alleging that La Crosse county had committed a prohibited practice within the meaning of sec. 111.70(3)(a)5 by refusing to arbitrate the grievance.[3] La Crosse county defended on the ground that the Worker's Compensation Act provided the employe's exclusive remedy. The county treats this case as a refusal to rehire an employe after suffering a work-related injury. A hearing was held and the hearing examiner's decision favorable to AFSCME became WERC's decision by operation of sec. 111.07(5), Stats. 1991–92. La Crosse county was ordered to proceed to final and binding arbitration of the grievance over Lewis's termination or layoff. La Crosse county commenced this proceeding in circuit court under sec. 111.07(8) and ch. 227, Stats. 1991–92, seeking judicial review of WERC's decision.

## II.

The first issue is whether sec. 102.03(2), the exclusive remedy provision of the Worker's Compensation Act, in conjunction with sec. 102.35(3), the remedy for refusal to rehire, bars an employe who has suffered a

---

[3] Section 111.70(3)(a)5, Stats. 1991–92, provides:

It is a prohibited practice for a municipal employer . . . .:

. . . .

5. To violate any collective bargaining agreement previously agreed upon by the parties with respect to wages, hours, and conditions of employment . . ., including an agreement to arbitrate questions arising as to the meaning or application of the terms of a collective bargaining agreement . . . .

27

work-related injury from seeking arbitration under a collective bargaining agreement to determine whether her termination or layoff for a work-related injury violated the agreement. The interpretation of sec. 102.03(2), in conjunction with sec. 102.35, is a question of law of first impression. Because WERC lacks special expertise and experience in deciding the question presented, this court interprets the statute independently of WERC and the other courts. *Schachtner v. DILHR,* 144 Wis. 2d 1, 4, 422 N.W.2d 906 (Ct. App. 1988); *Kelley Co., Inc. v. Marquardt,* 172 Wis. 2d 234, 244–245, 493 N.W.2d 68 (1992).

Two statutes are at issue in this case. Section 102.03(2) states that the right to recover compensation under the Worker's Compensation Act shall be the exclusive remedy against an employer. Section 102.03(2), Stats. 1991–92, reads as follows:

> [Where the conditions for liability under the Act exists] the right to the recovery of compensation under this chapter [the Worker's Compensation Act] shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier
> . . ..

The second statute is sec. 102.35(3), one of the penalty provisions in the Worker's Compensation Act. It imposes liability on an employer (and grants some relief for an employe with a work-related injury) when the employer, without reasonable cause, refuses to rehire the employe. Under circumstances specified in sec. 102.35(3) the employer must pay "the employe the wages lost during the period of such refusal, not exceeding one year's wages." The statute limits the amount of wages an employe may receive and does not

provide for job reinstatement. Section 102.35(3), Stats. 1991–92, states:

> (3) Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages. In determining the availability of suitable employment the continuance in business of the employer shall be considered and any written rules promulgated by the employer with respect to seniority or the provisions of any collective bargaining agreement with respect to seniority shall govern.

We conclude that sec. 102.03(2), the exclusive remedy provision, viewed in conjunction with sec. 102.35(3), does not bar a claim under a collective bargaining agreement for termination or layoff without proper cause. We reach this conclusion by examining the historical purpose of the Worker's Compensation Act, prior judicial construction of the exclusive remedy provision, the limitation of the exclusive remedy provision in sec. 102.03(2) to specified conditions, and cases interpreting secs. 102.03(2) and 102.35(3).

A.

■ The Worker's Compensation Act (the Act) represents the legislative compromise between the interests of employers, employes and the public in resolving compensation disputes regarding work-related physical or mental harms arising in our industrial society. *Hen-*

*ning v. General Motors Assembly Division,* 143 Wis. 2d 1, 11, 419 N.W.2d 551 (1988); *State v. Labor & Industrial Review Commn,* 136 Wis. 2d 281, 286–87, 401 N.W.2d 585 (1987); *Jenkins v. Sabourin,* 104 Wis. 2d 309, 322, 311 N.W.2d 600 (1981).

The legislature resolved the conflict among these interests by establishing a system under which workers, in exchange for compensation for work-related injuries regardless of fault, would relinquish the right to sue employers and would accept smaller but more certain recoveries than might be available in a tort action. As an alternative to liability in tort, employers would pay a fixed amount and would relinquish their common law defenses to tort actions for work-related personal injuries.[4] The exclusive remedy provision was part of the original enactment and is an integral feature of the compromise between the interests of the employer and the interests of the worker.

Thus the Act represents a public policy decision arrived at by the legislature after weighing competing policy considerations. The court has stated that the Act should be liberally construed, but courts must avoid upsetting the balance achieved by the worker's compensation law. *State v. LIRC,* 136 Wis. 2d 281, 288, 401

---

[4] *Guse v. A.O. Smith Corp.,* 260 Wis. 403, 406–470, 51 N.W.2d 21 (1952) ("In enacting the act, the Legislature intended to impose upon employers an absolute liability, regardless of fault; and in return for this burden intended to grant employers immunity from all tort liability on account of injuries to employees."); *Vick v. Brown,* 255 Wis. 147, 153, 38 N.W.2d 716 (1949) ("[The employer's liability] is solely under the Workmen's Compensation Law. There is no liability in tort").

N.W.2d 585 (1987); *Mulder v. Acme-Cleveland Corp.,* 95 Wis. 2d 173, 180, 290 N.W.2d 276 (1980).

The balance of policy considerations embodied in the Act centers on the relinquishment of rights of action in tort. Nothing in the Act's purpose, history or application suggests that the legislature intended the Act to abrogate any contractual obligations between employer and employe that might affect an employe with a work-related injury.

### B.

The court has identified the purpose of the Worker's Compensation Act as preempting actions in tort by injured employes against their employers. The court described the origin and purpose of the Act for the first time in *Borgnis v. Falk Co.,* 147 Wis. 327, 337, 133 N.W. 209 (1911), when it upheld the constitutionality of the Act. The *Borgnis* court wrote as follows:

> The Legislature, in response to a public sentiment which cannot be mistaken, has passed a law which attempts to solve certain very pressing problems which have arisen out of the changed industrial conditions of our time. It has endeavored by this law to provide a way by which employer and employed may, if they so choose, escape entirely from that very troublesome and economically absurd luxury known as personal injury litigation, and resort to a system by which every employee not guilty of wilful misconduct may receive at once a reasonable recompense for injuries accidentally received in his employment under certain fixed rules, without a lawsuit and without friction.

Numerous decisions since *Borgnis* have confirmed that sec. 102.03(2) was designed to supplant actions in tort by injured employes against their employers. *See, e.g., Jenson v. Employers Mutual Casualty Co.,* 161 Wis. 2d 253, 276, 468 N.W.2d 1 (1991); *Coleman v. American Universal Ins. Co.,* 86 Wis. 2d 615, 621, 273 N.W.2d 220 (1979); *Guse v. A.O. Smith Corp.,* 260 Wis. 403, 408, 51 N.W.2d 24 (1952).

The court has also determined that the legislature did not intend the Act to abrogate contractual obligations between an employer and employe. Indeed the *Borgnis* case arose from an action brought by workers who were concerned that the Act would interfere with or abrogate their employment contract rights. After reviewing the new Act and upholding its constitutionality the *Borgnis* court concluded that the Act did not affect individual employment contracts, stating:

> The question whether the act as so construed affects an existing contract of service expiring at some distant period in the future is easily answered in the negative, as it seems to us. Certainly the law does not affect the service to be rendered or the wages to be paid in any way. Neither the obligation of the workman to faithfully do his work, nor the obligation of the employer to faithfully pay the stipulated wage, nor the remedy in case of breach by either party, is in any way affected. What then, is affected? Plainly no provision of the contract." *Borgnis v. Falk Co.,* 147 Wis. 327, 366, 133 N.W. 209 (1911).

Thus, since the enactment of the Worker's Compensation Act, the benefits and protection provided by employment contracts have been understood as supplemental to benefits provided by the Act.

La Crosse county relies on Professor Larson's treatise on workmen's compensation law for the proposition that the exclusive remedy provision eliminates an employer's contractual obligation to an injured employe. Professor Larson writes: "The exclusiveness rule relieves the employer not only of common-law tort liability, but also of statutory liability under all state and federal statutes, as well as of liability in contract and in admiralty, for an injury covered by the compensation act." A. Larson, vol. 2A, The Law of Workmen's Compensation sec. 65.30 (1993). La Crosse county's reliance on this sentence is misplaced.

Elsewhere in the treatise Professor Larson concludes that "there is, of course, no impediment in the compensation act to the contractual provision of supplemental benefits or relaxation of statutory requirements of the act in favor of the employee." A. Larson, vol. 4, The Law of Workmen's Compensation sec. 97.52 (1993). Professor Larson makes clear, however, that a worker cannot avoid the exclusive remedy rule by alleging that the injury was the result of the employer's breach of quasi-contractual obligation such as the obligation to maintain a safe work place. See A. Larson, vol. 2A, The Law of Workmen's Compensation sec. 65.38 (1993).

C.

The language of sec. 102.03(2) comports with the clear legislative purpose of limiting liability and remedies in tort for work-related injuries and militates against applying it in this case.

Section 102.03(2) states that worker's compensation is exclusive only when certain "conditions" exist. One of these "conditions" is that the employe sustain

an "injury." Section 102.03(1)(a), Stats. 1991–92. The Act defines injury as "mental or physical harm to an employe caused by accident or disease . . ." thereby entitling the employe to compensation and treatment for the injury. Section 102.01(2)(c), Stats. 1991–92. In other words, the exclusive remedy provision excludes only actions in tort to recover for injuries that come within the conditions listed in sec. 102.03. As we stated in *Coleman v. American Universal Ins. Co.,* 86 Wis. 2d 615, 621, 273 N.W.2d 220 (1979), "the compensation remedy is exclusive, however, only if the *injury* falls within the coverage of the act." (emphasis in original) *See also Jenson v. Employees Mut. Cas. Co.,* 161 Wis. 2d 253, 468 N.W.2d 1 (1991).

In this case Lewis did suffer injury within the coverage of the Act—the injury to her back—and was duly compensated through the worker's compensation system. The harm alleged in this case, possible violation of a collective bargaining agreement (termination or lay-off without proper cause), is, however, a second and separate harm. This harm is distinct in time and place from Lewis's original on-the-job physical injury. Injury as a necessary "condition" for recovery under the Act thus does not exist in this case. Accordingly, the type of harm alleged in the case at bar does not come within the purview of the exclusive remedy provision of sec. 102.03(2).

Section 102.35(3) penalizes an employer and provides partial relief to an employe for an employer's act in refusing to rehire the employe. Penalties for refusal to rehire are distinct from the portions of the Act that compensate for physical or mental injuries incurred in the work place. Because sec. 102.35(3) relates to a harm that does not fall within sec. 102.03(2), it does not

come within the purview of the exclusive remedy provision of sec. 102.03(2).

It is true that but for the original physical or mental injury the termination of employment or layoff might never have occurred. However, we cannot say that because an employe who is terminated also has a work-related injury, the employer carries complete immunity from contractual obligations relating to termination of employment. The fact that Lewis's termination came after her work-related injury should not exclude her from the collective bargaining agreement which would have covered her had she been terminated before her injury.

Amicus Wisconsin Counties Association argues that the exclusive remedy provision is applicable in this case because sec. 102.35(3) provides a recovery and a liability for refusal to rehire. It reasons as follows: Section 102.03(2) speaks in terms of the Act providing the exclusive remedy against the employer for "recovery of compensation." "Compensation" is defined in the Act to mean "worker's compensation." The term "worker's compensation" is not defined, but sec. 102.01(1) could be interpreted to mean that "worker's compensation" is all "allowances, recoveries and liabilities" provided in ch. 102. Section 102.01(1) provides that chapter 102 "may be referred to as the 'Worker's Compensation Act' and allowances, recoveries and liabilities under this chapter constitute 'Worker's Compensation.'" Because sec. 102.35(3) provides a recovery and a liability, the exclusive remedy provision applies.

Our analysis of sec. 102.03(2) set forth above, resting on the Act's definition of injury, comports better with the statutory language and the legislative history

and purpose than the interpretation proposed by the Counties Association.

Because the harm in this case is not an "injury" as defined in the Act and because an "injury" as defined within the Act is a necessary "condition" before the exclusive remedy provision becomes operative, we conclude that the exclusive remedy provision does not bar the claim in the present case.

## D.

La Crosse county and amici rely on three cases to support their position that secs. 102.03(2) and 102.35(3) read together provide the exclusive remedy for injured employes whom the employer refuses to rehire without reasonable cause. *Cornejo v. Polycon Industries, Inc.,* 109 Wis. 2d 649, 327 N.W.2d 183 (Ct. App. 1982); *Schachtner v. DILHR,* 144 Wis. 2d 1, 422 N.W.2d 906 (Ct. App. 1988); *Norris v. DILHR,* 155 Wis. 2d 337, 455 N.W.2d 665 (Ct. App. 1990). We do not believe the cases are dispositive.

In *Cornejo,* 109 Wis. 2d 649, a worker brought an action against the employer alleging bad faith, infliction of emotional distress, and commission of fraud and outrage in refusing to rehire him after a work-related injury. The court of appeals dismissed the complaint, concluding that the "exclusive liability" language of sec. 102.35(3) barred the lawsuit. Section 102.35(3) states that when an employer unreasonably refuses to rehire an employe so injured, the employer has *"exclusive* liability to pay to the employe the wages lost. . . ." *Id.* at 651 (emphasis in original).

The *Cornejo* court's interpretation of the "exclusive liability" is erroneous. The purpose of the "exclusive liability" language in sec. 102.35(3) is not to bar law

suits but rather to impose a penalty for an unreasonable refusal to hire *solely* on the employer, rather than on the insurance carrier. See *Schachtner v. DILHR,* 144 Wis. 2d 1, 9–10, n.4, 422 N.W.2d 906 (Ct. App. 1988). See also Legislative Reference Bureau Analysis, Drafting file, ch. 29, sec. 195, Laws of 1977. Thus the analysis in *Cornejo* does not assist us in this case.

Nor do we find *Schachtner v. DILHR, supra,* 144 Wis. 2d 1, or *Norris v. DILHR, supra,* 155 Wis. 2d 337, determinative. In *Schachtner* and *Norris* the question was whether sec. 102.03(2), in conjunction with sec. 102.35(3), precluded an employe with a work-related injury from filing a complaint with the Equal Rights Division alleging that her employer had refused to rehire her because the employer perceived her as handicapped in violation of the Wisconsin Fair Employment Act. In both cases the court of appeals concluded that to the extent that coverage under the Worker's Compensation Act and the Fair Employment Act overlaps, the Worker's Compensation Act provides the exclusive remedy. All that the court of appeals held in *Schachtner* and *Norris* was that the Worker's Compensation Act was the exclusive *statutory* remedy for refusal to rehire an employe because of a work-related injury. These cases do not involve the issue raised in the case at bar and are not dispositive.

■

After examining the historical purpose of the Act, prior judicial construction of the exclusive remedy provision, the limitation of sec. 102.03(2) to specified conditions and the cases interpreting secs. 102.03(2) and 102.35(3), we conclude that sec. 102.03(2), Stats. 1991–92, the exclusive remedy provision of the Worker's Compensation Act, viewed in conjunction with sec. 102.35(3), the refusal to rehire provision, does

not bar an employe who has suffered a work-related injury from seeking arbitration under a collective bargaining agreement to determine whether termination or layoff after a work-related injury violated the agreement.

## III.

We turn now to the question whether the legislature intended sec. 102.35(3), Stats. 1991–92, the remedy for refusal to rehire, to bar an employe who has suffered a work-related injury from seeking arbitration under a collective bargaining agreement to determine whether her termination or layoff for a work-related injury violated the agreement. The question whether sec. 102.35(3) provides exclusive relief for an employe can be viewed apart from the question whether the exclusive-remedy provision of sec. 102.03(2) bars the claim in this case.

Section 102.35(3) was not part of the original Worker's Compensation Act. It was created later to prohibit employers from discriminating against injured employes by refusing to rehire them. Section 102.35(3) began as a penalty imposed on an employer, and a later amendment included payment of wages to an employe.[5]

---

[5] At first the only penalties in the Act were for failure to keep records and make the required reports. Section 2394–40, Stats. 1911. Later the legislature added penalties for discriminating against any employe who filed a worker's compensation claim and amended the Act to require employers who discriminated to pay a fine. Section 102.35(2), Stats. 1943. In 1951 the Legislature added that employers who discriminated in rehiring employes with work-related injuries could also be fined. Section 102.35(2), Stats. 1951. In 1975 the penalty for discriminating in rehiring was expanded to require the employer to pay

As we have noted before, the Act centers on the relinquishment of rights of action in tort, not on the abrogation of contractual obligations between employer and employe. The benefits and protection provided by employment contracts have historically been viewed as supplemental to benefits provided by the Act. Nothing in the language of sec. 102.35(3) or the legislative history indicates that the legislature intended sec. 102.35(3) to supplant rights provided under employment contracts. We thus conclude that sec. 102.35(3) can coexist with contractual obligations under a collective bargaining agreement.

We observe, however, that this case does not raise the issue of whether sec. 102.35(3) precludes an employe from bringing a tort action against an employer for refusing to rehire, without reasonable cause, the employe who is injured in the course of employment. This case concerns employes' and employers' rights and obligations under a collective bargaining agreement. We have taken great pains to explain the historical distinction under the Workers Compensation Act between an employe's contract and tort remedies and to limit this case to contractual rights. The question of whether sec. 102.35(3) precludes an employe's tort remedies for an employer's conduct described in sec. 102.35(3) is not raised in this case and we do not address this issue.

---

to the employe benefits and lost wages up to one year's time. Section 102.35(3), Stats. 1975. The legislature amended the Act in 1977 to designate the employer as the person exclusively liable to pay for benefits and lost wages. Section 102.35(3), Stats. 1977.

## IV.

The third issue is one of substantive arbitrability: Is an arbitrator permitted to decide whether an employer had proper cause to terminate or lay off an employe suffering from a work-related disability when the collective bargaining agreement contains a grievance arbitration provision and a management rights provision recognizing a municipal employer's right to "suspend or otherwise discharge" an employe "for proper cause?"

The court of appeals correctly held that the exclusive remedy provision of sec. 102.03(2) read in conjunction with sec. 102.35(3) does not supplant the terms of a collective bargaining agreement relating to arbitration of grievances about termination of employment. The court of appeals apparently concluded that because sec. 102.35(3) provides a remedy, albeit not an exclusive remedy, for a terminated employe with a work-related injury, the collective bargaining agreement must "explicitly" confer procedural protection or benefit on such an employe. Absent such an explicit waiver, reasoned the court of appeals, the employe is limited to recovery under sec. 102.35(3). The parties understandably perceived one of the pivotal issues in this case to be whether La Crosse county must explicitly waive sec. 102.35(3) of the Worker's Compensation Act for the grievance at issue in this case to be arbitrable.

The court of appeals' conclusion that the collective bargaining agreement must contain certain explicit provisions seems to have been based on the concept that "waiver" of a statutory benefit must be clear and unambiguous. However, "waiver" is not necessary in the case at bar because we have concluded that neither

40

sec. 102.03(2) nor sec. 102.35(3) precludes the claim in this case under the collective bargaining agreement. As long as the exclusive remedy doctrine does not apply in this case, there is no reason for a collective bargaining agreement to state explicitly the parties' intentions that sec. 102.35(3) not be an exclusive remedy. Under our interpretation of the Act, the parties to a collective bargaining agreement may agree to a contract that governs termination of an employe that has a work-related injury without any reference to the Worker's Compensation Act.

We must therefore determine whether the arbitration provision in the collective bargaining agreement is susceptible to an interpretation that would cover the grievance in the case at bar. This issue could be analyzed under either of two standards of review set out in *Tecumseh Products Co. v. Wisconsin E.R. Bd.*, 23 Wis. 2d 118, 129, 126 N.W.2d 520 (1964) and *Jefferson Jt. School Dist. No. 10 v. Jefferson Ed. Assn.*, 78 Wis. 2d 94, 101, 253 N.W.2d 536 (1977). Under either standard of review, we conclude that the grievance at issue in the case at bar is arbitrable.

The court of appeals looked to the standard of review found in *Tecumseh Products Co. v. Wisconsin E.R. Bd.*, 23 Wis. 2d 118, 129, 126 N.W.2d 520 (1964), to determine whether the collective bargaining agreement required La Crosse county to submit the grievance in the case to arbitration. In *Tecumseh,* the Wisconsin Employment Relations Board interpreted and applied a collective bargaining agreement in a complaint alleging unfair labor practices. The *Tecumseh* court held that the application of a collective bargaining agreement to certain facts involves a conclusion of law and that the Board's interpretation of the agreement will be affirmed if it is reasonable, even

though an alternative view is equally reasonable. In the case at bar, WERC determined that the grievance was arbitrable. The court of appeals held that WERC's determination was not reasonable.

■■■■

Although the facts in this case are different from those in *Tecumseh,* the reasonableness standard is applicable. WERC has special competence in the area of collective bargaining, and great weight should be accorded its decisions. Section 227.57(10), Stats. 1991–92; *West Bend Educ. Assn. v. WERC,* 121 Wis. 2d 1, 12–13, 357 N.W.2d 534 (1984). Even if we were to undertake a *de novo* review, the court's role in determining arbitrability is very limited, as we have explained in *Jefferson Jt. School Dist. No. 10 v. Jefferson Ed. Assn.,* 78 Wis. 2d 94, 101, 253 N.W.2d 536 (1977).[6]

When a court determines arbitrability its function "is limited to a determination whether there is a construction of the arbitration clause that would cover the grievance on its face and whether any other provision of the contract specifically excludes it." *Jefferson Jt. School Dist. No. 10 v. Jefferson Ed. Assn.,* 78 Wis. 2d 94, 111, 253 N.W.2d 536 (1977). Arbitration should not be denied " 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an

---

[6] In *Jefferson Jt. School Dist.,* the determination of arbitrability was made by an arbitrator selected by the parties. Although WERC had conducted a hearing it was not involved in the decision of arbitrability. The court concluded that when the parties intend the question of substantive arbitrability to be a question for the courts rather than for the arbitrator, the courts retain ultimate authority to decide substantive arbitrability. The facts in this case differ from those in *Jefferson Jt. School Dist.*

interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Id.* at 112, quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83 (1960). This test furthers "the strong legislative policy in Wisconsin favoring arbitration in the municipal bargaining context as a means of settling disputes and preventing individual problems from growing into major labor disputes." *Jefferson Jt. School Dist. No. 10 v. Jefferson Ed. Assn.,* 78 Wis. 2d 94, 112, 253 N.W.2d 536 (1977).[7] See also *Racine Education Assn. v. Racine Unified School Dt.,* 176 Wis. 2d 273, 281–84, 500 N.W.2d 379 (Ct. App. 1993).

To apply either the *Jefferson Jt. School Dist.* standard or the reasonableness standard, we turn to the terms of the collective bargaining agreement. Section 12.02 of the agreement is a grievance-arbitration provision for "any disagreement concerning the meaning or application of any provision of this Agreement." It also provides that "grievances not involving the interpretation or application of this Agreement" do not go to final and binding arbitration.

The agreement does not contain any provision explicitly prohibiting the employer from discharging an employe without proper cause nor any provision explicitly governing the discharge of an employe because of a work-related injury. It does, however, contain a management rights provision which recognizes La Crosse county's right to discharge an employe with proper cause. Section 2.01 provides that ". . . the County retains the normal rights and functions of man-

[7] Section 111.70(6), Stats. 1991–92, establishes that "[t]he public policy as to labor disputes arising in municipal employment is to encourage voluntary settlement through the procedures of collective bargaining."

agement and those that it has by law. Without limiting the generality of the foregoing, this includes the right to hire, promote, transfer, demote or suspend or otherwise discharge or discipline for proper cause. . . ."[8] La Crosse county and AFSCME disagree about whether this management rights provision of the agreement constitutes a substantive limitation on La Crosse county's right to discharge an employe without proper cause.

Applying either the *Jefferson Jt. School Dist.* or the reasonableness standard, we conclude that there is a construction of the arbitration clause that would, on its face, cover the grievance in the case at bar and that any doubt must be resolved in favor of coverage and upholding WERC's determination. Because the arbitration clause requires arbitration about any disagreement concerning the meaning or application of any provision of the agreement, it can reasonably be interpreted as covering the question whether La Crosse county violated the agreement by the employe's termination or layoff.

Furthermore we do not find any provision of the agreement explicitly excluding arbitration of questions concerning disability layoff or termination of employment. Thus we cannot say with positive assurance that the arbitration clause of the agreement is not susceptible to an interpretation that covers the dispute in the case at bar. We conclude, as did WERC, that La Crosse

---

[8] The collective bargaining agreement also has a layoff provision applying to layoffs due to lack of work or economic cutbacks, sec. 6.01; a seniority provision, sec. 4.01; and a discipline or discharge provision which requires warnings in certain circumstances and written notice of discharge, sec. 12.01.

county should proceed to final and binding arbitration regarding the employe's grievance.

For the reasons set forth, we reverse the decision of the court of appeals and the order of the circuit court and remand the cause for further proceedings not inconsistent with this opinion.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded.

WILCOX, J. (*dissenting*). The determination of whether a particular collective bargaining agreement covers a particular employe grievance requires a careful analysis of the relevant terms of that agreement. In this case, I believe the analysis employed by the court of appeals, from both a legal as well as a factual standpoint, properly determined that the collective bargaining agreement between the union and the county does not require the county to submit to arbitration the issue of whether it refused to rehire Lewis without reasonable cause.

My primary purpose in writing separately, however, is to register my fears that the majority's misreading of the Worker's Compensation Act's (Act) exclusivity provision will expose employers to tort liability when they refuse to rehire employes who have suffered work-related injuries. Because I believe the majority's interpretation in this respect violates both the letter and the spirit of the Act, I respectfully dissent.

Section 102.03(2), Stats. of the Workers Compensation Act provides that:

> Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer . . . .

45

The "conditions" referenced in sec. 102.03(2), Stats. are the "Conditions of Liability" listed in sec. 102.03(1). Thus, in order for the Act's exclusivity provision to apply, two requirements must be met: 1) the "Conditions of Liability" in sec. 102.03(1) must exist, and 2) there must be a right to recovery of compensation provided under the Act.

With respect to the second of these requirements, section 102.01(2)(am), Stats. defines "compensation" to mean "workers compensation." Section 102.01(1), in turn, states that "allowances, recoveries and liabilities under this chapter constitute 'workers compensation.' " Therefore, if a section of the Act creates either an allowance, a recovery, or a liability, it provides "compensation." The remedies in sec. 102.35(3) meet that definition. Section 102.35(3) states that:

> Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay the employe the wages lost during the period of such refusal, not exceeding one year's wages.

This language is clear. Under sec. 102.35(3), Stats., employes who have not been rehired because of a work-related injury can *recover* up to one year's lost wages, and employers who refuse to rehire injured employes are *liable* for those wages.

Because sec. 102.35(3), Stats. undeniably provides "compensation," the remedies therein constitute the employe's exclusive remedies if the "Conditions of liability" listed in sec. 102.03(1), Stats. also exist.

46

Included among those "conditions" is one which limits an employer's liability under the Act to situations where "the employe sustains an injury." Section 102.03(1)(a). The term "injury" is defined as "mental or physical harm to an employe caused by accident or disease . . .." Section 102.01(2)(c).

The majority concedes, as it must, that Helen Lewis's original physical injury was such an "injury." Despite that fact, the majority declares that the refusal to rehire is a second injury, separate and distinct from the original physical injury. Because this second injury does not involve "mental or physical harm," the majority concludes that the conditions for exclusivity do not exist.

If, as I suspect, what the majority is trying to say is that the Act does not provide an employe's exclusive remedy against an employer who breaches the terms of a collective bargaining agreement, then I would merely comment that such a conclusion is not only unremarkable, but is one with which I agree. As the court of appeals in this case observed, public policy does not prevent an employer from waiving the Act's exclusivity provisions in order to provide employes with greater procedural or substantive protections than those provided in the Act. Any such waiver on the employer's part, however, must be explicit. Here, the collective bargaining agreement did not explicitly waive the exclusive liability provisions of the Act.

The more significant problem with the majority opinion rests with its conclusion that sec. 102.35(3), Stats. "does not come within the purview of the exclusive remedy provision of sec. 102.03(2)." Opinion, p. 13. The majority does not, nor logically can it, limit this conclusion to cases alleging breach of contract. It necessarily extends to actions in tort as well. As a result,

47

today's decision will allow employes who have not been rehired due to work-related injuries to bring tort claims against their employer.

The majority's error in this regard springs from a basic misunderstanding as to why the Act conditions liability, and therefore exclusivity of remedy, on the existence of an "injury." It seems clear that that requirement exists so as to limit the Act's reach to work-related injuries. *See* sec. 102.03(1), Stats. Here, Helen Lewis sustained such an injury and sec. 102.35(3) provides her exclusive remedy. Again, I reiterate that this is not to say that an employer cannot contractually waive that exclusivity. Absent such a waiver, however, liability is limited to the remedies in sec. 102.35(3).

This rather straightforward reading of the Act is one which the courts of this state have, prior to today, had little trouble applying. For example, in *Norris v. DIHLR,* 155 Wis. 2d 337, 455 N.W.2d 665 (Ct. App. 1990), an employe brought a claim under the Wisconsin Fair Employment Act, alleging that his employer refused to rehire him because of two handicaps: a back injury and mental retardation. *Id.* at 339. The back injury was work-related, the mental retardation was not. The issue was whether the exclusivity provisions of the Worker's Compensation Act precluded the employe's Fair Employment Act claim.

The court of appeals held that the answer depended upon the source of the injury. Specifically, it reasoned that sec. 102.35(3), Stats. of the Worker's Compensation Act provided the exclusive remedy for any refusal to rehire related to the back injury because "such an injury is the precise sort for which the worker's compensation system operates to provide prompt and assured recovery and as to which the exclu-

sivity provision should operate to provide immunity."
*Id.* at 340–41, *quoting, Schachtner v. DIHLR,* 144 Wis.
2d 1, 9, 422 N.W.2d 906 (Ct. App. 1988).

With respect to the mental retardation, however,
the court held that the refusal to rehire due to that
handicap was not covered by worker's compensation for
the simple reason that it was not a work-related injury:

> The Worker's Compensation Act is designed to com-
> pensate persons for work-related injuries. The Fair
> Employment Act is designed to eliminate the prac-
> tice of unfair discrimination in employment against
> properly qualified persons because of various fac-
> tors generally having nothing to do with a work-
> related injury. Sec. 111.31(2), Stats. The fact that
> an employer refuses to rehire a person after an on-
> the-job injury for a non-work-related reason has
> nothing to do with the injury and everything to do
> with discrimination prohibited by the Fair Employ-
> ment Act.

*Id.* at 342–43.

This reasoning is sound. Liability, and therefore.
exclusivity, under sec. 102.35(3), Stats. is triggered
when the employer refuses to rehire an employe
because the employe has suffered a work-related
injury. Thus, the majority's assertion that the breach of
contract in this case is an injury separate and distinct
from the original physical injury is not so much incor-
rect as it is immaterial.[1]

---

[1] In *Karst v. F.C. Hayer Co., Inc.,* 447 N.W.2d 180 (Minn.
1989), an employe terminated due to a work-related injury
argued that the Minnesota Worker's Compensation Act did not
provide his exclusive remedy because the refusal to rehire was
an injury "separate and distinct" from the original physical
injury. *Id.* at 184. The Minnesota Supreme Court disagreed:

*Cornejo v. Polycon Industries, Inc.,* 109 Wis. 2d 649, 327 N.W.2d 183 (Ct. App. 1982), is perhaps even more relevant. In *Cornejo,* an employe brought a number of tort claims against his employer as a result of the employer's refusal to rehire him because of a work-related injury.[2] The court of appeals dismissed Cornejo's claims, holding that sec. 102.35(3), Stats. offered the employe his exclusive remedies for that refusal to rehire. *Id.* at 651–52.

The majority dismisses *Cornejo* because the court of appeals apparently premised its holding on a mistaken interpretation of the term "exclusive" in sec. 102.35(3), Stats. Opinion, pp. 14–15. While the majority is correct that "exclusive" in that context refers to the fact that liability under sec. 102.35(3) is *solely* the employer's, such a conclusion does not in any manner imply that sec. 102.03(2)'s exclusivity does not apply to sec. 102.35(3). The fact is that the majority's decision today will allow precisely the sort of tort actions which were properly dismissed in *Cornejo.* In light of the history and purposes of the Act, documented so well in the majority opinion, I cannot believe that is proper. *See also, Schachtner,* and *Marson v. LIRC,* 178 Wis. 2d 118, 503 N.W.2d 582 (Ct. App. 1993).

---

Although the injuries suffered by Karst as a result of Hayer's refusal to rehire him may be conceptually distinct from his work-related injuries, any difference is immaterial . . .. The issue is whether the [Minnesota Worker's Compensation Act] provides a remedy for these injuries.

The court found that the Minnesota statute provided a remedy and that it was exclusive. *Id.* at 186.

[2] Cornejo's complaint alleged that his employer "acted in bad faith, inflicted emotional distress, and committed fraud and outrage . . ." when it refused to rehire him because of a work-related injury. *Cornejo,* 109 Wis. 2d at 650.

To summarize, I believe the majority is simply incorrect when it concludes that sec. 102.35(3), Stats. does not fall within the exclusivity provisions of sec. 102.03(2), Stats. This may not be readily apparent in cases such as today's where the employe's claim sounds in breach of contract. The real mischief, I believe, will come home to roost when the terminated employe brings a panoply of tort actions against an employer. Today, the majority opens the door to such claims. One could, of course, adopt the majority's view that the issue of tort liability is a matter best left for another day. I do not believe, however, that this court should close its eyes to the plainly foreseeable consequences of its own decisions. I would affirm the court of appeals.

I am authorized to state that JUSTICES ROLAND B. DAY and DONALD W. STEINMETZ join in this dissenting opinion.