STARK, P.J.
*142 ¶1 This appeal requires us to address *143 the following issue: can an employee of a temporary help agency who has been injured in the course of his or her employment and who has not made a worker's compensation claim bring a tort claim against his or her temporary employer? Based on the plain language of the relevant statutes, we conclude the answer to this question is yes.
¶2 As explained below, the exclusive remedy provision of the Worker's Compensation Act ("the Act"), WIS. STAT. § 102.03(2) (2015-16),[1] does not bar a temporary employee from bringing tort claims against his or her temporary employer. WISCONSIN STAT. § 102.29(6)(b)1., which specifically addresses tort claims by temporary employees against their temporary employers, bars such claims only where the temporary employee "makes a claim for compensation" under the Act. It therefore follows that a temporary employee who has not made a claim for compensation under the Act is permitted to pursue a tort claim against his or her temporary employer. Moreover, even if the employee at issue in this case is construed as a loaned employee, rather than a temporary employee, we still conclude the Act does not bar his estate's tort claims. We therefore reverse the circuit court's decision granting summary judgment to Alpine Insulation, the temporary/borrowing employer in this case, and its insurer, West Bend Mutual Insurance Company.
BACKGROUND
¶3 The following facts are undisputed. On August 21, 2014, Carlos Esterley Cerrato Rivera and two other individuals died in a single-vehicle accident.
*144 Rivera was survived by five children, two of whom were minors at the time of his death.
¶4 At the time of the accident, Rivera was a passenger in a vehicle owned by Alpine and insured by West Bend. The vehicle was traveling from one Alpine job site to another. Rivera was employed by Alex Drywall, which, in turn, had provided him to perform work for Alpine. Alpine paid Alex Drywall for Rivera's services, *489 and in turn, Alex Drywall paid Rivera for his work. The vehicle's driver was a temporary employee of Alpine, which had retained him through JC Staffing, a temporary help agency. The driver was negligent in his operation of the vehicle, and his negligence was a cause of the accident.
¶5 In February 2016, Rivera's two minor children and Raoul Ehr, as special administrator of Rivera's estate, commenced the instant wrongful death lawsuit against Alpine and West Bend in Milwaukee County Circuit Court.[2] The Estate's complaint sought damages for Rivera's pain and suffering and for his minor children's loss of society, companionship, and support. The Estate has not filed a claim for worker's compensation under the Act, although it is undisputed the Estate has the right to do so.
¶6 Alpine and West Bend answered the Estate's complaint and later moved for summary judgment. In support of their motion, Alpine and West Bend argued Alex Drywall, Rivera's employer, was a temporary help agency. They asserted that, because Rivera was an employee of a temporary help agency, the Estate was prohibited from bringing a tort action against Alpine-an employer that compensated Alex Drywall *145 for Rivera's services-under WIS. STAT. § 102.29(6)(b)1. The circuit court agreed and granted summary judgment in favor of Alpine and West Bend. The Estate now appeals.
DISCUSSION
I. Standard of review
¶7 We independently review a grant of summary judgment, using the same methodology as the circuit court. Hardy v. Hoefferle , 2007 WI App 264, ¶ 6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). Here, the material facts are undisputed, and the only issue on appeal is whether the Act prohibits the Estate from bringing tort claims against Alpine. "The interpretation and application of a statute to an undisputed set of facts are questions of law that we review independently." McNeil v. Hansen , 2007 WI 56, ¶ 7, 300 Wis. 2d 358, 731 N.W.2d 273.
¶8 When interpreting a statute, our objective "is to determine what the statute means so that it may be given its full, proper, and intended effect." State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. Our analysis begins with the plain language of the statute. Id. , ¶ 45. "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id. In addition, *146 statutory language must be interpreted "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id. , ¶ 46. Statutes should also be construed "so that no word or clause shall be rendered surplusage and every word if possible should be given effect." State v. Martin , 162 Wis. 2d 883, 894, 470 N.W.2d 900 (1991) (quoting Donaldson v. State , 93 Wis. 2d 306, 315, 286 N.W.2d 817 (1980) ).
¶9 "If this process of analysis yields a plain, clear statutory meaning, *490 then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." Kalal , 271 Wis. 2d 633, ¶ 46, 681 N.W.2d 110 (quoting Bruno v. Milwaukee Cty. , 2003 WI 28, ¶ 20, 260 Wis. 2d 633, 660 N.W.2d 656 ). However, if the statute is ambiguous-that is, reasonably susceptible to more than one interpretation-we examine extrinsic sources, such as legislative history, to ascertain the legislature's intent. Id. , ¶¶ 47, 50-51.
II. The Act's exclusive remedy provision
¶10 "The Worker's Compensation Act ... represents the legislative compromise between the interests of employers, employe[e]s and the public in resolving compensation disputes regarding work-related physical or mental harms arising in our industrial society." County of La Crosse v. WERC , 182 Wis. 2d 15, 29, 513 N.W.2d 579 (1994).
The legislature resolved the conflict among these interests by establishing a system under which workers, *147 in exchange for compensation for work-related injuries regardless of fault, would relinquish the right to sue employers and would accept smaller but more certain recoveries than might be available in a tort action. As an alternative to liability in tort, employers would pay a fixed amount and would relinquish their common law defenses to tort actions for work-related personal injuries.
Id. at 30, 513 N.W.2d 579.
¶11 The exclusive remedy provision is an "integral feature" of the Act's compromise between employers' and employees' interests. Id. It provides, in relevant part, that where the conditions for liability under the Act exist, "the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier." WIS. STAT. § 102.03(2). Notably, while the exclusive remedy provision applies to claims by an employee against his or her "employer," it does not prohibit an employee from pursuing claims against third-party tortfeasors. See Nelson v. Rothering , 174 Wis. 2d 296, 302, 496 N.W.2d 87 (1993).
¶12 If Alpine had been Rivera's "employer" under the Act at the time of his death, the exclusive remedy provision would indisputably bar the Estate's tort claims against Alpine and West Bend. However, WIS. STAT. § 102.24(2m) provides:
A temporary help agency is the employer of an employee whom the temporary help agency has placed with or leased to another employer that compensates the temporary help agency for the employee's services.
*148 A temporary help agency is liable under s. 102.03 for all compensation and other payments payable under this chapter to or with respect to that employee, including any payments required under s. 102.16(3), 102.18(1)(b)3. or (bp), 102.22(1), 102.35(3), 102.57, or 102.60.
It is undisputed that, under this section, Rivera's "employer," for purposes of the Act, was Alex Drywall, the temporary help agency that Alpine compensated for Rivera's services. The exclusive remedy provision therefore prohibits the Estate from bringing tort claims against Alex Drywall to recover for Rivera's injuries and death. It does not, however, prohibit the Estate from pursuing tort claims against Alpine and West Bend.
III. WISCONSIN STAT. § 102.29(6)(b)1.
¶13 Our conclusion that the exclusive remedy provision does not prohibit the Estate from bringing tort claims against Alpine and West Bend does not end our analysis. Instead, we must determine *491 whether WIS. STAT. § 102.29(6)(b)1. precludes the Estate from pursuing those claims. That statute provides, in relevant part:
(b) No employee of a temporary help agency who makes a claim for compensation may make a claim or maintain an action in tort against any of the following:
1. Any employer that compensates the temporary help agency for the employee's services.
Id. (emphasis added).
*149 ¶14 We agree with the Estate that, by its plain language, WIS. STAT. § 102.29(6)(b)1. does not bar the Estate from bringing tort claims against Alpine and West Bend under the facts of this case. The statute expressly prohibits an employee of a temporary help agency "who makes a claim for compensation" from maintaining an action in tort against any employer that compensates the temporary help agency for the employee's services-i.e., the temporary employer. It is undisputed that the phrase "who makes a claim for compensation" refers to a claim for compensation under the Act. The necessary implication of this language is that a temporary employee who does not make a claim for compensation under the Act is not prohibited from bringing a tort claim against his or her temporary employer.
¶15 Alpine and West Bend concede that a "literal reading" of WIS. STAT. § 102.29(6)(b)1."seems to support" the Estate's position. However, Alpine and West Bend argue § 102.29(6)(b)1. must be read "in context" with the Act's exclusive remedy provision and must be interpreted consistently with the Act's overarching purpose. Alpine and West Bend observe our supreme court has stated the exclusive remedy provision is "critical to the balance that [the Act] strikes between the interests of employers and employees." See Bauernfeind v. Zell , 190 Wis. 2d 701, 713, 528 N.W.2d 1 (1995). They emphasize that the exclusive remedy provision prohibits an employee from bringing a tort action against his or her employer whenever the conditions for liability under the Act are met. See WIS. STAT. § 102.03(2). In other words, the exclusive remedy provision shields the employer from tort liability whenever an employee has the right to make a worker's *150 compensation claim, regardless of whether the employee actually makes such a claim.
¶16 Alpine and West Bend argue we should similarly interpret WIS. STAT. § 102.29(6)(b)1. as precluding temporary employees from bringing tort claims against their temporary employers whenever the temporary employee has the right to make a worker's compensation claim. Alpine and West Bend argue this interpretation would "uphold the critical balance struck by the exclusive remedy provision." Under Alpine and West Bend's interpretation, § 102.29(6)(b)1. would bar the Estate's tort claims against them because the Estate has the right to make a worker's compensation claim against Alex Drywall, even though the Estate has not actually made such a claim.
¶17 We reject Alpine and West Bend's contextual argument. We have no quarrel with the principle that the exclusive remedy provision shields employers from tort liability whenever an employee has the right to make a worker's compensation claim. However, adopting a similar interpretation of WIS. STAT. § 102.29(6)(b)1. would require us to either: (1) read words into the statute-specifically, the words "has the right to make"; or (2) read the phrase "who makes a claim for compensation" out of the statute entirely. The purpose of statutory interpretation is to determine the legislature's intent, *492 City of Madison v. DHS , 2017 WI App 25, ¶ 7, 375 Wis. 2d 203, 895 N.W.2d 844, and "[w]hat the legislature says in the text of a statute is considered the best evidence of the legislative intent or will," Heritage Farms, Inc. v. Markel Ins. Co. , 2009 WI 27, ¶ 14 n.9, 316 Wis. 2d 47, 762 N.W.2d 652 (quoting 2A NORMAN J. SINGER & J.D. SHAMBIE SINGER, *151 SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 46:3 (7th ed. 2007) ). Thus, if possible, every word in a statute should be given effect. Martin , 162 Wis. 2d at 894, 470 N.W.2d 900. When construing a statute, "it is always safer not to add to or subtract from the language of [the] statute unless imperatively required to make it a rational statute." Heritage Farms , 316 Wis. 2d 47, ¶ 14 n.9, 762 N.W.2d 652 (quoting SINGER , supra , § 47:38).
¶18 Here, it is not necessary to deviate from the plain language of WIS. STAT. § 102.29(6)(b)1. because, contrary to Alpine and West Bend's assertion, a plain meaning interpretation of that statute does not conflict with the exclusive remedy provision. As noted above, the Act strikes a balance between the interests of employers and employees in cases involving workplace injuries. See Bauernfeind , 190 Wis. 2d at 713, 528 N.W.2d 1. Under the Act, employers are strictly liable for workplace injuries sustained by their employees. Byers v. LIRC , 208 Wis. 2d 388, 395, 561 N.W.2d 678 (1997). In return, the exclusive remedy provision bars an employee from pursuing a tort claim against his or her employer whenever the employee has a right to compensation under the Act. See WIS. STAT. § 102.03(2). Permitting an employee to bring tort claims against a party who is not his or her employer-in this case, Alpine, the temporary employer-does not disrupt this balance. The exclusive remedy provision "does not affect the employee's and employer's right to assert claims against third-party tortfeasors." Nelson , 174 Wis. 2d at 302, 496 N.W.2d 87. "The purpose of the Act was to protect workers and their employers, not to extend immunity to tortfeasors outside the worker-employer relationship." Id.
*152 ¶19 Alpine and West Bend further argue a plain language interpretation of WIS. STAT. § 102.29(6)(b)1. -i.e., that the statute prohibits only those temporary employees who make claims for compensation under the Act from pursuing tort claims against their temporary employers-would produce absurd results. They argue this interpretation "would allow [the Estate] to make [a] tort claim against Alpine and, after the conclusion of the civil case, make a worker's compensation claim against Alex Drywall." They contend this is an absurd result because it would allow the Estate (and other temporary employees) to recover twice for a single workplace injury, whereas non-temporary employees are limited by the exclusive remedy provision to a single recovery.
¶20 We reject Alpine and West Bend's assertion that a plain language interpretation of WIS. STAT. § 102.29(6)(b)1. would permit temporary employees to recover twice for a single injury. The statute provides that a temporary employee "who makes a claim for compensation" under the Act may not maintain a tort action against his or her temporary employer. Id. (emphasis added). The tense of the verb "makes" is important. We believe that, by choosing to use the present-tense verb "makes," as opposed to a past-tense verb form, the legislature intended to indicate that a temporary employee who makes a claim under the Act, either now or in the future , is barred from asserting a tort claim against his or her temporary employer. Thus, if a temporary employee makes a tort claim against his or her temporary employer and thereafter attempts to make a worker's compensation claim, *493 the employer-i.e., the temporary help agency-could raise § 102.29(6)(b)1. as a defense to bar the second claim. *153 ¶21 Alpine and West Bend also argue that, even if the Estate's interpretation of WIS. STAT. § 102.29(6)(b)1. does not permit temporary employees to recover twice, it is nevertheless absurd because it would give a temporary employee the "right to choose" whether to file a worker's compensation claim against the temporary help agency or a tort claim against the temporary employer. We do not agree, however, that this is an absurd result.
¶22 As noted above, the exclusive remedy provision absolutely prohibits an injured employee who has a right to compensation under the Act from making tort claims against his or her employer. WIS. STAT. § 102.03(2). Conversely, WIS. STAT. § 102.29(1)(a) provides:
The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employee shall not affect the right of the employee, the employee's personal representative, or other person entitled to bring action to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party .
(Emphasis added.) Thus, an injured employee may never bring a tort claim against his or her employer, regardless of whether the employee has made a claim for compensation under the Act, but the employee may bring a tort claim against a third party, even if he or she has already made a worker's compensation claim.
¶23 The legislature could have reasonably concluded that, in relation to a temporary employee, a temporary employer occupies a sort of middle ground between an "employer" under the Act and a true third *154 party. A temporary employer's relationship to a temporary employee is, in some ways, similar to the relationship between any other employer and employee. However, the temporary employer is not required to shoulder the same burdens as an "employer" under the Act. Rather, the Act defines the temporary help agency as the "employer" of a temporary employee and therefore makes the temporary help agency responsible for "all compensation and other payments payable under this chapter to or with respect to that employee, including any payments required under s. 102.16(3), 102.18(1)(b)3. or (bp), 102.22(1), 102.35(3), 102.57, or 102.60." See WIS. STAT. § 102.04(2m).
¶24 Under these circumstances, the legislature could have reasonably decided it did not make sense to give temporary employers the same wholesale protection from tort claims that entities designated as "employers" under the Act enjoy. But, the legislature could also have reasonably decided that, unlike situations involving true third parties, a temporary employee should not be permitted to bring both a worker's compensation claim against his or her employer and a tort claim against his or her temporary employer. The legislature could have therefore reasonably decided to chart a middle course, permitting only those temporary employees who do not make worker's compensation claims to bring tort actions against their temporary employers. In other words, the legislature could have reasonably decided to allow temporary employees to bring either worker's compensation claims or tort claims, but not both. Given the intermediate position temporary employers occupy between "employers" under the Act and true third parties, this is not an absurd result.
*155 ¶25 Finally, Alpine and West Bend argue the Estate's interpretation of WIS. STAT. § 102.29(6)(b)1. results in temporary *494 employees being treated differently from all other employees in Wisconsin, who are subject to the exclusive remedy provision. However, contrary to Alpine and West Bend's suggestion, the Estate's interpretation does not except temporary employees from the exclusive remedy provision. As with all other employees, the exclusive remedy provision prevents temporary employees from pursuing tort claims against their "employers" under the Act. While the plain language of § 102.29(6)(b)1. indicates the legislature has chosen to permit temporary employees to bring either worker's compensation claims against their "employers" or tort claims against their temporary employers, as discussed above, that result is neither absurd nor inconsistent with the exclusive remedy provision. Moreover, we observe the disputed statutory phrase-"who makes a claim for compensation"-appears in multiple other subsections of § 102.29 addressing claimants other than temporary employees. See § 102.29(6m), (7), (8), (8m), (8r), (9), (10), (11), (12). This undercuts Alpine and West Bend's argument that the Estate's interpretation of § 102.29(6)(b)1. would result in temporary employees being treated differently from all other employees in Wisconsin.
IV. WISCONSIN STAT. § 102.29(7) 's loaned employee provision
¶26 For the first time on appeal, Alpine and West Bend argue in the alternative that Rivera was actually a loaned employee of Alpine, rather than a temporary employee. They contend that, in Bauernfeind *156 , our supreme court held the exclusive remedy provision prohibits loaned employees from bringing tort claims against their borrowing employers. They therefore argue the Estate is prohibited from bringing tort claims against them, regardless of whether it has made a claim for compensation under the Act.
¶27 We view Alpine and West Bend as having conceded at oral argument that Rivera was a temporary employee of Alpine, instead of a loaned employee. Regardless, though, their loaned employee argument also fails on the merits.
¶28 Even if Rivera was a loaned employee, Bauernfeind does not support Alpine and West Bend's argument that the exclusive remedy provision bars the Estate from bringing tort claims against them. Bauernfeind dealt with an injury that occurred on March 17, 1988. Id. at 713, 528 N.W.2d 1. Thereafter, the legislature enacted WIS. STAT. § 102.29(7), which specifically addresses the circumstances in which loaned employees can bring tort claims against their borrowing employers. See 1989 Wis. Act 64, § 44. The Bauernfeind court expressly noted that § 102.29(7) did not go into effect until January 1, 1990, and, as such, it did not apply to the plaintiff's claim in that case. Bauernfeind , 190 Wis. 2d at 713, 528 N.W.2d 1.
¶29 Here, Rivera's death occurred long after January 1, 1990. Accordingly, even if Rivera was a loaned employee, the Estate's ability to bring tort claims against Alpine and West Bend would be governed by WIS. STAT. § 102.29(7), not Bauernfeind . Under § 102.29(7), "No employee who is loaned by his or her employer to another employer and who makes a claim for compensation under this chapter may make a claim or maintain an action in tort against the employer who *157 accepted the loaned employee's services." Notably, § 102.29(7) contains the same qualifying language-"who makes a claim for compensation"-as § 102.29(6)(b)1. The plain language of § 102.29(7) therefore indicates that only loaned employees who make claims for compensation under the Act are barred from bringing tort claims against their borrowing employers. *495 ¶30 Moreover, we decline to "contextually" interpret WIS. STAT. § 102.29(7) as barring all tort claims by loaned employees against their borrowing employers because doing so would effectively render the statute superfluous. As noted above, for injuries that occurred before January 1, 1990, the exclusive remedy provision barred all loaned employees from bringing tort claims against their borrowing employers. See Bauernfeind , 190 Wis. 2d at 713, 716-17, 528 N.W.2d 1 ; see also Braun v. Jewett , 1 Wis. 2d 531, 536, 85 N.W.2d 364 (1957) ("In the case of the loaned employee, his remedy under the workmen's compensation act is his exclusive remedy against the [borrowing] employer."). Thus, the common law rule before § 102.29(7) was enacted was identical to the "contextual" interpretation of that statute that Alpine and West Bend would have us adopt. Consequently, if Alpine and West Bend's interpretation were correct, there would have been no need for the legislature to enact § 102.29(7) because, prior to the statute's enactment, the exclusive remedy provision already barred all tort claims by loaned employees against their borrowing employers. Under these circumstances, it is unreasonable to interpret § 102.29(7) as barring all tort claims by loaned employees against their borrowing employers, regardless of whether the loaned employee makes a claim for compensation under the Act. *158 CONCLUSION
¶31 In summary, we conclude the exclusive remedy provision does not bar a temporary employee from bringing tort claims against his or her temporary employer. We further conclude, based on the statute's plain language, that WIS. STAT. § 102.29(6)(b)1. bars only those temporary employees who make claims for compensation under the Act from pursuing tort claims against their temporary employers. In this case, it is undisputed the Estate has not made any claim for compensation under the Act. As a result, § 102.29(6)(b)1. does not bar the Estate from pursuing tort claims against Alpine and West Bend. Similarly, even if Rivera was a loaned employee of Alpine, § 102.29(7) does not bar the Estate's tort claims. The circuit court therefore erred by granting Alpine and West Bend summary judgment.
By the Court. -Judgment reversed and cause remanded.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

For the remainder of this opinion, we refer to the plaintiffs-appellants, collectively, as "the Estate."