Jennifer H. COHN, Johanna H. Cohn, by Anne B. Shindell, her Guardian Ad Litem and Estate of Jerry S. Cohn, M.D., by Jennifer H. Cohn, Special Administrator of the Estate of Jerry S. Cohn, M.D., Plaintiffs-Appellants,

TWIN CITY FIRE INSURANCE COMPANY, Intervenor,

v.

APOGEE, INC. and James F. Chapleau, Defendants-Respondents.

Court of Appeals

*No. 97–3817. Oral argument February 16, 1999.—Decided March 23, 1999.*

(Also reported in 593 N.W.2d 921.)

815

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Anne B. Shindell* and

*Sally A. Piefer* of *Shindell & Piefer*, of Milwaukee. There was oral argument by *Anne B. Shindell*.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Lawrence T. Lynch* and *Lisa M. Arent* of *Foley & Lardner*, of Milwaukee. There was oral argument by *Lawrence T. Lynch*.

Before Wedemeyer, P.J., Fine and Curley, JJ.

FINE, J.   Plaintiffs appeal the trial court's dismissal of their wrongful-death claim against Apogee, Inc., and James F. Chapleau, who, according to the amended complaint, was Apogee's "managing agent." Jerry S. Cohn, M.D., was the husband of Jennifer H. Cohn, and the father of Johanna H. Cohn. The plaintiffs alleged that Apogee so harassed Dr. Cohn that he committed suicide. The trial court held that the plaintiffs' sole remedy was under the Worker's Compensation Act. We reverse.

The trial court dismissed plaintiffs' action on their pleadings, an amended complaint. Thus, we must assume for the purposes of our analysis that the facts alleged in the amended complaint are true. *See Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979). A complaint may not be dismissed unless " 'it is quite clear that under no conditions can the plaintiff recover.' " *Ibid.* (citation omitted). Whether a complaint states a claim is a question of law that we decide independently of the trial court's determination. *See Heinritz v. Lawrence Univ.*, 194 Wis. 2d 606, 610, 535 N.W.2d 81, 83 (Ct. App. 1995).

According to the plaintiffs' amended complaint, Dr. Cohn was employed by Apogee as a psychiatrist.

The relationship between Dr. Cohn, on the one hand, and Apogee and Chapleau, on the other, was rocky. Ultimately, the plaintiffs allege, Apogee and Chapleau caused Dr. Cohn to overdose on drugs, the ingestion of which caused his death. The amended complaint asserts that Dr. Cohn suffered from "bi-polar condition, a clinical form of depression," and that the defendants knew both this and "that a person suffering from bi-polar condition would likely commit suicide if subjected to the type of conduct to which the defendants subjected Dr. Cohn."

The Worker's Compensation Act covers an employee's "injury" if, as material here, the injury was both not "intentionally self-inflicted," § 102.03(1)(d), STATS., and was the result of an "accident" that "arises out of the employe[e]'s employment," § 102.03(1)(e), STATS.[1] There is coverage under the Act only if the employee is "performing service growing out of and incidental to his or her employment" "at the time of the injury." Section 102.03(1)(c)1, STATS. As material here, "injury" means "mental or physical harm to an employe[e] caused by [an] accident." Section 102.01(2)(c), STATS. The word "accident" is not defined

---

[1] Section 102.03(1), STATS., provides, as material here:

**Conditions of liability. (1)** Liability under this chapter shall exist against an employer only where the following conditions concur:

    (a)   Where the employe sustains an injury.

    (b)   Where, at the time of the injury, both the employer and employe are subject to the provisions of this chapter.

    (c) 1.   Where, at the time of the injury, the employe is performing service growing out of and incidental to his or her employment.

    . . . .

    (d)   Where the injury is not intentionally self-inflicted.

    (e)   Where the accident or disease causing injury arises out of the employe's employment.

by the statute. *See Lentz v. Young*, 195 Wis. 2d 457, 469, 536 N.W.2d 451, 456 (Ct. App. 1995). If an injury is within the Act's purview, the remedies provided by the Act are "exclusive." Section 102.03(2), STATS.[2]

The plaintiffs allege intentional conduct by Apogee and Chapleau. Harm to an employee caused by intentional conduct is an "accident" subject to the Worker's Compensation Act if that intentional conduct was committed by a co-employee. *See Jenson v. Employers Mut. Cas. Co.*, 161 Wis. 2d 253, 264–266, 468 N.W.2d 1, 5–6 (1991) (as interpreted by *Lentz*, 195 Wis. 2d at 469, 536 N.W.2d at 456). Harm to an employee caused by an *employer's* intentional conduct, however, is *not* an "accident," and is thus not subject to the Worker's Compensation Act. *Lentz*, 195 Wis. 2d at 470–473, 536 N.W.2d at 456–458. Apogee is a corporation. Although Dr. Cohn was subordinate to Chapleau, they were both employees of Apogee. Thus, Dr. Cohn and Chapleau were co-employees. *See Jenson*, 161 Wis. 2d at 262–263, 468 N.W.2d at 5. According to the amended complaint, Dr. Cohn's death was caused by Chapleau's intentional harassment of him. Thus, under *Jenson* and *Lentz*, Dr. Cohn's death was the result of an "accident."

---

[2] Section 102.03(2), STATS., provides:

Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier. This section does not limit the right of an employe to bring action against any coemploye for an assault intended to cause bodily harm, or against a coemploye for negligent operation of a motor vehicle not owned or leased by the employer, or against a coemploye of the same employer to the extent that there would be liability of a governmental unit to pay judgments against employes under a collective bargaining agreement or a local ordinance.

██ Our conclusion that Dr. Cohn's death was the result of an "accident" as that term is used in the Worker's Compensation Act does not end our analysis. As noted, the Act does not cover injuries that were "intentionally self-inflicted." Section 102.03(1)(d), STATS. Under the Worker's Compensation Act, death by suicide is not necessarily "intentionally self-inflicted." *See Brenne v. DILHR*, 38 Wis. 2d 84, 90–95, 156 N.W.2d 497, 499–502 (1968). In *Brenne*, an employee took his own life because of depression allegedly caused by a work-related severe electrical shock. *Id.*, 38 Wis. 2d at 88–89, 156 N.W.2d at 498–499. Although suicide is "self-inflicted" by definition, the Worker's Compensation Act covers those suicides that result from work-related injury without an "independent intervening cause." *Id.*, 38 Wis. 2d at 92–94, 156 N.W.2d at 500–501. *Brenne* established the following test:

> While the act of suicide may be an independent intervening cause in some cases, it is certainly not so in those cases where the incontrovertible evidence shows that, without the injury, there would have been no suicide; that the suicide was merely an act, not a cause, intervening between the injury and the death, and that it was part of an unbroken chain of events from the injury to the death.

*Id.*, 38 Wis. 2d at 94, 156 N.W.2d at 501. If "without the injury, there would have been no suicide," the Act provides the exclusive remedy. *See ibid.* It is possible, however, that Dr. Cohn's suicide was "intentionally self-inflicted," as *Brenne* has glossed that phrase, so as to remove the claim for Dr. Cohn's death from the purview of the Act. If so, the defendants might be liable, at least in part. *See id.*, 38 Wis. 2d at 91, 156 N.W.2d at 500 ("The law of workmen's compensation is not

intended to employ common-law concepts of negligence in determining liability. Work-connection rather than fault underlies recovery [under the Act]."). Chapleau's alleged harassment of Dr. Cohn led to the injury claimed here; unusual job stress, with or without an underlying mental condition, can cause a compensable injury, *see Swiss Colony, Inc. v. Department of Industry, Labor & Human Relations*, 72 Wis. 2d 46, 52–53, 54, 240 N.W.2d 128, 131, 132 (1976). Thus, the key is whether there is an "unbroken chain of events" from that "injury" to Dr. Cohn's death so that his suicide "was part of an unbroken chain of events from the injury to the death." *See Brenne*, 38 Wis. 2d at 94, 156 N.W.2d at 501. If there was, the suicide is subject to the Act. *See ibid.*

Giving to the plaintiffs the benefit of every reasonable inference (as we must), we cannot say that the amended complaint does not state a wrongful death claim against the defendants. Neither, however, can we say that the Worker's Compensation Act does not provide the exclusive remedy. Whether there was an "unbroken chain of events" between Chapleau's acts and Dr. Cohn's suicide so as to make the Worker's Compensation Act the exclusive remedy must await either summary judgment or trial, as must the issue of whether Dr. Cohn was "performing service growing out of and incidental to his . . . employment" "at the time" of his "injury," § 102.03(1)(c)1, STATS. *Cf. Bass v. Ambrosius*, 185 Wis. 2d 879, 890–891, 520 N.W.2d 625, 629–630 (Ct. App. 1994) (resolution of complex legal issues may require full exposition of facts). Accord-

ingly, we remand this matter to the trial court for further proceedings.[3]

---

[3] The plaintiffs argue that under § 102.16(1), STATS., the trial court must refer this matter to the Department of Workforce Development for the Department's determination whether the Worker's Compensation Act provides the exclusive remedy for Dr. Cohn's death. We disagree. Section 102.16(1) provides:

> **Submission of disputes, contributions by employes. (1)** Any controversy concerning compensation ·or a violation of sub. (3), including controversies in which the state may be a party, shall be submitted to the department in the manner and with the effect provided in this chapter. Every compromise of any claim for compensation may be reviewed and set aside, modified or confirmed by the department within one year from the date the compromise is filed with the department, or from the date an award has been entered, based thereon, or the department may take that action upon application made within one year. Unless the word "compromise" appears in a stipulation of settlement, the settlement shall not be deemed a compromise, and further claim is not barred except as provided in s. 102.17 (4) regardless of whether an award is made. The employer, insurer or dependent under s. 102.51 (5) shall have equal rights with the employe to have review of a compromise or any other stipulation of settlement. Upon petition filed with the department, the department may set aside the award or otherwise determine the rights of the parties.

Referral under this provision is only required when there is a "controversy concerning compensation or a violation of" subsection (3) of § 102.16, STATS. *See Bires v. City of Mauston*, 151 Wis. 2d 892, 894–895, 447 N.W.2d 100, 101 (Ct. App. 1989). This matter concerns neither a dispute over compensation nor whether subsection (3) of § 102.16 was violated. It concerns whether the trial court may entertain a wrongful death action alleged by the defendants to be within the exclusive jurisdiction of the Worker's Compensation Act. Subject to appellate review, the trial court determines whether it may entertain a lawsuit brought in the circuit court.

*By the Court.*—Order reversed and cause remanded.