Robert WALSTROM, Plaintiff-Appellant,

v.

GALLAGHER BASSETT SERVICES, INC., Defendant-Respondent.

Court of Appeals

*No. 00–1334–FT. Submitted on briefs September 6, 2000.—Decided October 10, 2000.*

## 2000 WI App 247

(Also reported in 620 N.W.2d 223.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Jonny L. Waara* of *Petrucelli & Petrucelli, P.C.*, Iron River, Michigan.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Marie A. Stanton* and *Kristine A. Edwards* of *Hurley, Burish & Milliken, S.C.*, Madison.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.    PETERSON, J. Robert Walstrom appeals a summary judgment dismissing his action against Gallagher Basset Services, Inc. Walstrom claims that Gallagher is a third party not immune under the exclusive remedy provision of the Worker's Compensation Act. Because Gallagher was a representative of the worker's compensation insurer, American Zurich Insurance Co., we reject Walstrom's arguments and affirm.

## BACKGROUND

¶ 2.    Phillips Getschow, Inc., employed Walstrom as a union pipe fitter. Walstrom claims he suffered an injury at work on December 11, 1995. An MRI revealed a herniated disc in his neck and Richard Harrison, M.D., recommended surgery be performed immediately.

¶ 3.    Walstrom reported his medical condition to his employer, Phillips Getschow, and its worker's compensation insurer, American Zurich. American Zurich had contracted with an adjuster, Gallagher, to administer claims under the worker's compensation policy. Gallagher required Walstrom to undergo an independent medical examination pursuant to WIS. STAT. § 102.13(1).[1] The independent medical examiner agreed with Harrison's recommendation and surgery was performed on February 13, 1996.

¶ 4.    Following surgery, Walstrom continued to experience pain. He brought an action against Gallagher alleging that it was negligent in delaying authorization for neck surgery. Walstrom claimed the delay resulted in permanent nerve damage.

¶ 5.    Gallagher brought a motion to dismiss. The circuit court treated the motion as a motion for summary judgment because both parties had submitted affidavits and other documents outside the pleadings. *See* WIS. STAT. § 802.06(3). The circuit court found that Gallagher was an agent of American Zurich, and was immune based on the exclusive remedy provision. *See* WIS. STAT. § 102.03(2). The motion was granted and this appeal followed.

## STANDARD OF REVIEW

¶ 6.    Whether summary judgment was appropriately granted presents a question of law that we review independently of the circuit court. *See Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 651–52, 476 N.W.2d 593 (Ct. App. 1991). When reviewing summary

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

judgments, we utilize the same analysis as the circuit court and must apply the standards set forth in WIS. STAT. § 802.08(2). *See Schultz v. Industrial Coils*, 125 Wis. 2d 520, 521, 373 N.W.2d 74 (Ct. App. 1985). In general, "summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Kenefick v. Hitchcock*, 187 Wis. 2d 218, 224, 522 N.W.2d 261 (Ct. App. 1994).

## DISCUSSION

¶ 7. The Worker's Compensation Act grants an employer, employees of the employer, and the employer's worker's compensation insurance carrier immunity from common-law liability. *See* WIS. STAT. § 102.03(2).[2] The statute attempts to effect a compromise between the competing interests of the employer and the employee. *See Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 180, 290 N.W.2d 276 (1980). "The worker is benefited by certain recovery irrespective of his own fault and irrespective of the employer's absence of fault." *Id.* In return, the worker is limited to a scheduled compensation award and may not pursue an action for damages against the employer, other

---

[2] WISCONSIN STAT. § 102.03(2) provides:

Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier. This section does not limit the right of an employe to bring action against any coemploye for an assault intended to cause bodily harm, or against a coemploye for negligent operation of a motor vehicle not owned or leased by the employer, or against a coemploye of the same employer to the extent that there would be liability of a governmental unit to pay judgments against employes under a collective bargaining agreement or a local ordinance.

476

employees or the worker's compensation insurer. *See id.* at 180–81. However, the Act does allow an action to be brought against third parties. *See* WIS. STAT. § 102.29.

¶ 8.   Walstrom argues that Gallagher is not an employer, employee, or worker's compensation insurance carrier. He contends that because there is no reference to third-party administrators in WIS. STAT. § 102.03(2), Gallagher does not fall within the purview of the exclusive remedy provision. We disagree.

¶ 9.   Wisconsin case law has interpreted WIS. STAT. § 102.03 as being the exclusive remedy against not only employers, but agents of employers as well. In *Wasley v. Kosmatka*, 50 Wis. 2d 738, 742, 184 N.W.2d 821 (1971), our supreme court held that a worker could not maintain a tort action against a corporate officer of an employer. The court recognized the anomaly of an injured worker recovering worker's compensation benefits directly from an employer, while at the same time recovering in tort indirectly against the same employer. "This would be a clear circumvention of the exclusive remedy provision" of the Act. *Id.* at 746.

¶ 10.   In *Miller v. Bristol-Myers Co.*, 168 Wis. 2d 863, 879, 485 N.W.2d 31 (1992), the court recognized that the "representative capacity doctrine provides immunity to those who act in their capacity as a representative for the employer from third party suits." There, the court refused to apply the doctrine to the parent corporation of the subsidiary employer. It observed that the "entity claiming immunity must owe a duty to the employer and have acted pursuant to that duty." *Id.* at 880. The parent corporation did not owe a duty to the subsidiary.

¶ 11.   Walstrom does not contend that Gallagher is neither an agent nor a representative of American

477

Zurich. Rather, he simply claims that the rules applying statutory immunity to agents and representatives of employers should not be applied to agents and representatives of worker's compensation carriers.

¶ 12.   However, Walstrom fails to show why different rules should be applied to worker's compensation carriers than to employers. Under Walstrom's reasoning, an agent of the worker's compensation insurance carrier would lack protection under the exclusive remedy provision while an agent of an employer would be covered. Paraphrasing *Walsey*, this would allow the anomaly of Walstrom recovering worker's compensation benefits directly from American Zurich, while at the same time recovering in tort indirectly against American Zurich. Case law clearly prohibits the anomaly for employers. Why should it be permissible for worker's compensation carriers? Walstrom provides no answer.

¶ 13.   Recovery of compensation is not only the exclusive remedy against the employer, but also the exclusive remedy against the worker's compensation insurance carrier. *See* WIS. STAT. § 102.03(2). If the exclusive remedy doctrine applies to agents and representatives of the employer, then to be consistent it must also apply to agents and representatives of the worker's compensation carrier.

*By the Court.*—Judgment affirmed.