# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP1782 |

COMPLETE TITLE:

    Francis G. Graef,
        Plaintiff-Respondent-Petitioner,
      v.
    Continental Indemnity Company,
        Defendant-Appellant,
    ABC Insurance Company,
        Defendant.

----------------------------------------------

    Francis G. Graef,
        Plaintiff-Respondent-Petitioner,
      v.
    Applied Underwriters, Inc.,
        Defendant-Appellant,
    ABC Insurance Company,
        Defendant.

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 391 Wis. 2d 494,942 N.W.2d 492
(2020 – unpublished)

| | |
|---|---|
| OPINION FILED: | May 20, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | January 19, 2021 |

SOURCE OF APPEAL:

| | |
|---|---|
| COURT: | Circuit |
| COUNTY: | Marinette |
| JUDGE: | David G. Miron & James A. Morrison |

JUSTICES:

KAROFSKY, J., delivered the majority opinion of the Court, in which ZIEGLER, C.J., ANN WALSH BRADLEY, ROGGENSACK, DALLET, and HAGEDORN, JJ., joined.  REBECCA GRASSL BRADLEY, J., filed a dissenting opinion.

NOT PARTICIPATING:

ATTORNEYS:

    For the plaintiff-respondent-petitioner, there were briefs filed by *George Burnett* and *Conway, Olejniczak & Jerry, S.C.*, Green Bay. There was an oral argument by *George Burnett.*

For the defendant-appellant, there was a brief filed by *Dustin T. Woehl* and *Kasdorf Lewis & Swietlik, SC*, Milwaukee. There was an oral argument by *Dustin T. Woehl*.

**2021 WI 45**

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No. 2018AP1782
(L.C.    Nos. 2017CV73 & 2018CV127)

| STATE OF WISCONSIN | : | IN SUPREME COURT |

**Francis G. Graef,**

      **Plaintiff-Respondent-Petitioner,**

    **v.**

**Continental Indemnity Company,**

      **Defendant-Appellant,**

**ABC Insurance Company,**

      **Defendant.**

**FILED**

MAY 20, 2021

**Sheila T. Reiff
Clerk of Supreme Court**

------------------------------------------------

**Francis G. Graef,**

      **Plaintiff-Respondent-Petitioner,**

    **v.**

**Applied Underwriters, Inc.,**

      **Defendant-Appellant,**

**ABC Insurance Company,**

      **Defendant.**

---

KAROFSKY, J., delivered the majority opinion of the Court, in which ZIEGLER, C.J., ANN WALSH BRADLEY, ROGGENSACK, DALLET, and HAGEDORN, JJ., joined. REBECCA GRASSL BRADLEY, J., filed a dissenting opinion.

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 JILL J. KAROFSKY, J. In this case, we must determine whether the exclusive-remedy provision of the Wisconsin Worker's Compensation Act (the "Act"), Wis. Stat. § 102.03(2) (2017-18),[1] bars the tort action filed by the petitioner, Francis Graef.

¶2 In 2017, Graef filed a tort action in circuit court against Continental Indemnity Company ("Continental"), his employer's worker's compensation insurance carrier, alleging that his self-inflicted gunshot wound was the result of Continental's negligence. More specifically, Graef alleged that Continental was negligent in failing to approve payment for a refill of his antidepressant medication——prescribed after a workplace injury——and as result of that negligence, Graef attempted suicide. Continental moved for summary judgment, arguing that Wis. Stat. § 102.03(2) barred Graef's tort action because the Act provides the exclusive remedy for his injuries. The circuit court concluded that the exclusive-remedy provision of the Act did not bar Graef's action.[2] The court of appeals reversed, concluding that the Act provides Graef's exclusive remedy and that to recover for his injuries, Graef must file a

---

[1] All subsequent references to the Wisconsin Statutes are to the 2017-18 version unless otherwise indicated.

[2] The Honorable James A. Morrison of the Marinette County Circuit Court presided.

worker's compensation claim with the Department of Workforce Development (DWD).[3]

¶3 We affirm the decision of the court of appeals, conclude that the Act provides Graef's exclusive remedy for the injuries alleged in his complaint, and remand the cause to the circuit court with directions to grant summary judgment to Continental on Graef's negligence claim.

### I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

¶4 On November 1, 2012, Graef was working in the livestock yard at Equity Livestock when a bull gored him, causing both physical injuries and depression. A doctor prescribed the antidepressant duloxetine to treat Graef's depression, and Equity Livestock's worker's compensation insurance carrier, Continental, bore the responsibility of authorizing and paying for the medication.

¶5 On May 12, 2015, Graef went to his pharmacy to refill the duloxetine prescription. Continental initially rejected the pharmacy's request for payment, but then approved the request after the pharmacy called Continental and requested payment a second time. On June 23, 2015, Graef returned to the pharmacy for another refill of duloxetine. Continental once again denied the pharmacy's initial request for payment, and Graef left the pharmacy without his medication because he could not afford to

---

[3] Graef v. Cont'l Indem. Co., No. 2018AP1782, unpublished slip op. (Wis. Ct. App. Feb. 4, 2020).

purchase the medication on his own.[4]  Less than two months later, on August 9, 2015, Graef attempted suicide with a firearm and suffered a gunshot injury.

¶6    Two years later, Graef filed a tort action in circuit court, alleging that Continental was "negligent in failing to continue to authorize and pay for" the June 2015 duloxetine refill.[5]  Graef additionally claimed that Continental "by Wisconsin Statute [ch.] 102 was responsible for paying and authorizing worker's compensation medical, prescription and indemnity payments to [Graef] for injuries sustained on November 1, 2012."  According to Graef, the self-inflicted gunshot injury "would not have occurred had [Continental] approved and paid for the prescription."  Graef sought to recover compensatory damages associated with his suicide attempt, including "past and future medical expenses, personal injuries, pain, suffering, [and] disability."

¶7    Continental moved for summary judgment, asserting that Graef brought his claim in the wrong forum because the Act

_____

[4] Continental asserts that there was no denial of medication because it subsequently approved payment for the duloxetine but Graef failed to return to the pharmacy to pick up the medication.  However, as Continental recognizes, we accept all of the allegations in Graef's complaint as true for purposes of our review.  Cohn ex rel. Shindell v. Apogee, Inc., 225 Wis. 2d 815, 817, 593 N.W.2d 921 (Ct. App. 1999).

[5] It is undisputed that Graef never filed a worker's compensation claim with DWD regarding Continental's alleged failure to authorize his prescription refill.  Pursuant to Wis. Stat. § 102.17(4), the statute of limitations for filing such a claim is 12 years from the date of injury, which for Graef's injuries has yet to expire.

provides his exclusive remedy. The circuit court denied Continental's motion, refusing to apply the exclusive-remedy provision because Continental would not concede that Graef's claim would prevail if filed as a worker's compensation claim.[6] The court of appeals reversed the circuit court and remanded with directions to grant summary judgment to Continental.[7] Graef petitioned this court for review, which we granted.

## II. STANDARD OF REVIEW

¶8 "We review a grant of summary judgment independently, applying the same methodology as the circuit court." Pinter v. Village of Stetsonville, 2019 WI 74, ¶26, 387 Wis. 2d 475, 929 N.W.2d 547. Summary judgment shall be granted where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2). The facts on appeal are undisputed. The question before us is

---

[6] Prior to orally denying Continental's motion, the circuit court granted Graef's pending motion to amend his complaint to add allegations against Applied Underwriters, an entity that Graef alleged had assisted Continental in processing Graef's claims. Prior to the circuit court entering an order denying Continental's motion, Applied Underwriters filed a motion to dismiss the amended complaint, which the circuit court never addressed. As the court of appeals noted, on remand, the circuit court may also address Applied Underwriters' pending motion to dismiss. See Graef, No. 2018AP1782, at ¶39.

[7] We must briefly correct an error in the court of appeals' decision. The court of appeals wrote: "Second, the alleged wrongful conduct in Cohn, harassment, supported the recognized common-law tort of wrongful death." Id., ¶34 (emphasis added). However, wrongful death has been a statutory claim since 1857. See § 1, ch. 71, Laws of 1857.

5

whether the Act's exclusive-remedy provision prohibits Graef from filing this tort action in circuit court, which is a question of law that we review independently. See Ehr v. West Bend Mut. Ins. Co., 2018 WI App 14, ¶7, 380 Wis. 2d 138, 908 N.W.2d 486.

III. ANALYSIS

¶9 We first provide some background regarding Wisconsin's worker's compensation laws and then outline the relevant provisions. Next, we examine Graef's pleadings and determine whether the facts in the complaint, as alleged, meet the conditions of liability under Wis. Stat. § 102.03(1) and consequently, whether the Act provides Graef's exclusive remedy. Finally, we address Graef's remaining arguments that: (1) we should create an exception for the negligent denial of worker's compensation claims; and (2) Continental improperly failed to concede that Graef's worker's compensation claim would succeed.

A. Wisconsin's Worker's Compensation Laws

¶10 In 1911, Wisconsin became the first state to enact a broad, constitutionally valid worker's compensation system. Byers v. LIRC, 208 Wis. 2d 388, 395, 561 N.W.2d 678 (1997); 17 Thomas M. Domer & Charles F. Domer, Wisconsin Practice Series: Workers Compensation Law § 2:1 (2017-18). Worker's compensation laws are considered "the grand bargain" "under which workers, in exchange for compensation for work-related injuries regardless of fault, . . . relinquish the right to sue employers and . . . accept smaller but more certain recoveries than might be available in a tort action." County of La Crosse

6

v. WERC, 182 Wis. 2d 15, 30, 513 N.W.2d 579 (1994). In exchange for receiving immunity from tort liability, employers must provide benefits regardless of fault. Guse v. A.O. Smith Corp., 260 Wis. 403, 406-07, 51 N.W.2d 24 (1952). In other words, the worker's compensation laws "are basically economic regulations by which the legislature, as a matter of public policy, has balanced competing societal interests." Mulder v. Acme-Cleveland Corp., 95 Wis. 2d 173, 180, 290 N.W.2d 275 (1978); see Jenkins v. Sabourin, 104 Wis. 2d 309, 322, 311 N.W.2d 600 (1981) (describing the worker's compensation provisions as "the result of decades of debate prior to [their] passage" and a representation of the "delicate balancing of the interests represented in our industrial society").

¶11 Today, worker's compensation benefits are primarily governed by Wisconsin Stat. ch. 102, the Act, which is administered by DWD. See Wis. Stat. § 102.14(1); Mireles v. LIRC, 2000 WI 96, ¶6, 237 Wis. 2d 69, 613 N.W.2d 875. Wisconsin Stat. § 102.03 sets forth the basic requirements for a compensable injury under the Act. Section 102.03(1) provides a list of conditions that impose liability under the Act against an "employer, any other employee of the same employer and the worker's compensation insurance carrier." § 102.03(2). Generally, an employer and an employer's insurance carrier's obligations to pay worker's compensation accrue under the Act when all of the following conditions are present:

- the employee sustains an injury;

7

- at the time of the injury, both the employer and the employee are subject to the Act;

- at the time of the injury, the employee is performing service growing out of and incidental to his or her employment;

- the injury is not intentionally self-inflicted; and

- the accident or disease causing injury arises out of the employment.

Wis. Stat. § 102.03(1)(a)-(e).[8]

¶12   The Act also covers a second or subsequent injury that stems from the first work-related injury, as case law has made clear:  "[W]hen an employee is treated for a work-related injury and incurs an additional injury during the course of treatment, the second injury is deemed as one growing out of, and incidental to, employment in the sense that the employer [or insurance carrier], by virtue of the Act, becomes liable for the augmented injury."  Jenkins, 104 Wis. 2d at 316.  In other words, employers and worker's compensation insurance carriers have a duty to pay for a subsequent injury that naturally flows from a covered workplace injury, including any injury caused or worsened by the treatment, or lack of treatment, of the original work-related injury.

---

[8] Wisconsin Stat. § 102.03(1)(f) and (g) contain additional provisions that apply only to employees who travel in the course of their employment and to members of the state legislature. Neither of those provisions is applicable to Graef.

¶13 Pursuant to Wis. Stat. § 102.03(2), when the conditions of liability in § 102.03(1) are satisfied, the Act provides the exclusive remedy: "Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier."[9] We have referred to this exclusive-remedy provision as "an integral feature of the compromise between the interest of the employer and the interest of the worker." Mulder, 95 Wis. 2d at 181. Recognizing the "grand bargain," we have emphasized that courts must "exercise care to avoid upsetting the balance of interests achieved by the [Act]." Weiss v. City of Milwaukee, 208 Wis. 2d 95, 102, 559 N.W.2d 588 (1997). With these provisions in mind, we turn to Graef's allegations against Continental.

B. The Conditions of Liability in Wis. Stat. § 102.03(1) Are Met and the Act Provides Graef's Exclusive Remedy.

¶14 To determine if the Act provides Graef's exclusive remedy, barring his circuit court action, we must look to his complaint and determine whether, as alleged, the conditions of worker's compensation liability are satisfied under Wis. Stat. § 102.03(1).

---

[9] See Walstrom v. Gallagher Bassett Servs., Inc., 2000 WI App 247, ¶¶12-13, 239 Wis. 2d 473, 620 N.W.2d 223 (rejecting the argument that "different rules should be applied to worker's compensation carriers than to employers" under the exclusive-remedy provision).

9

¶15 Graef's complaint presents an unbroken chain of events starting with his November 1, 2012 injury and ending with his August 9, 2015 suicide attempt. According to the complaint, Graef was injured in the course of his employment on November 1, 2012. As a result of the workplace injury, Graef suffered from depression which his doctors treated with duloxetine, a prescription antidepressant that Continental paid for on Graef's behalf. Continental had a duty to pay for the prescription under the Act, specifically Wis. Stat. § 102.42(1), because it was Equity Livestock's worker's compensation insurance carrier. When Continental failed to approve payment for the duloxetine refill on June 23, 2015, Graef left the pharmacy without the medication because he was unable to pay for it himself. Without the duloxetine, Graef's depression relapsed and he attempted suicide by gunshot on August 9, 2015. Graef suffered injuries as a result of the self-inflicted gunshot. Graef's complaint establishes an unbroken causal chain from his workplace injury to his suicide attempt.

¶16 Continental asserts that Graef's allegations, if true, satisfy the conditions of liability under Wis. Stat. § 102.03(1), and therefore his claim must be filed as a worker's compensation claim. We agree.

¶17 As a reminder, the conditions of liability under Wis. Stat. § 102.03(1)(a)-(e) are:

- "the employee sustains an injury";
- "at the time of the injury, both the employer and the employee are subject to" the Act;

10

- "at the time of the injury, the employee is performing service growing out of and incidental to his or her employment";[10]
- "the injury is not intentionally self-inflicted";
- "the accident or disease causing injury arises out of the employee's employment."

¶18 When we look at the allegations in Graef's complaint, we conclude that, if proven, they would satisfy the conditions of worker's compensation liability under Wis. Stat. § 102.03(1). As a result, his claim must be filed under the Act. We begin by considering the initial injury outlined in the complaint——the workplace injury on November 1, 2012. There is no dispute that at the time of the initial injury, Graef and his employer were subject to the provisions of the Act and that Graef was working in the livestock yard incidental to his employment. Further, there is no dispute that the goring injury was not self-inflicted, and that the injury occurred at work. Since these allegations, if proven, would satisfy § 102.03(1)(a)-(e), the exclusive-remedy provision dictates that Graef's exclusive remedy is under the Act.

¶19 Next we turn to Graef's second injury. Our case law supports the conclusion that, as pled, Graef's second injury, the self-inflicted gunshot wound, grew out of and was incidental to his original workplace injury, the resulting depression, and

---

[10] Wisconsin Stat. § 102.03(1)(c) has five subdivisions, but subd. 1 is the one applicable here.

11

the relapse caused by the discontinuation of the prescribed duloxetine. In other words, as alleged, the second injury is a direct result of the original workplace accident and, consequently, must be brought as a worker's compensation claim. In Jenkins, we reasoned that "when an employee is treated for a work-related injury and incurs an additional injury during the course of treatment, the second injury is deemed as one growing out of, and incidental to, employment in the sense that the employer, by virtue of the Act, becomes liable for the augmented injury." Jenkins, 104 Wis. 2d at 316. Like the employee in Jenkins, Graef suffered a second injury (the self-inflicted gunshot wound) that grew out of his original workplace injury, because Continental failed to authorize and pay for the medication. It is important to note that even though Graef's gunshot wound was intentionally self-inflicted, that injury is covered under the Act if "without the [workplace] injury, there would have been no suicide [or attempted suicide]," because it is viewed as "merely an act, not a cause, intervening between the injury and the death [or attempted suicide], and that it was part of an unbroken chain of events from the injury to the death [or attempted suicide]." Brenne v. LIRC, 38 Wis. 2d 84, 94, 156 N.W.2d 497 (1968). As Continental conceded at oral argument, "[i]f [Graef] can show that he [tried to] kill[] himself because of depression caused by the original workplace injury, the mere fact that it was self-inflicted will not be a bar to workplace compensation."

12

¶20 At oral argument, Graef maintained that he could not satisfy the conditions of liability under Wis. Stat. § 102.03(1) because there was a break in the causal chain when Continental failed to authorize and pay for his prescription refill on June 23, 2015. As a result, according to Graef, at the time he suffered the self-inflicted gunshot wound, he was not performing service growing out of and incidental to his employment. This argument fails. If Graef's depression was not caused by or related to the workplace injury, then Continental had no duty to authorize and pay for the medication to treat it and no responsibility for the effects of the untreated depression. Continental's duty was undisputedly created by, and existed exclusively because of, the Act. Graef's own complaint acknowledges that Continental's duty to pay stems from the Act when it states that Continental's duty was established "by Wisconsin Statute 102," i.e., the Act. Paradoxically, Graef wishes to avail himself of the liability created by the Act while avoiding the "smaller but more certain recoveries" the Act provides. County of La Crosse, 182 Wis. 2d at 30. Permitting Graef to pursue this action in tort would enable him to take advantage of the "grand bargain" while foreclosing Continental from doing the same.

¶21 To summarize, because Graef's tort action consists of allegations that, if proven, would satisfy the conditions for worker's compensation liability, the exclusive-remedy provision applies and the Act provides Graef's exclusive remedy. See Jenson v. Emps. Mut. Cas. Co., 161 Wis. 2d 253, 263,

13

468 N.W.2d 1 (1991) (reasoning that the plaintiff's "common law action is barred by the exclusivity provisions if she in all other respects is entitled to recovery under the Act").

### C. Graef's Additional Arguments

¶22 Graef makes two additional arguments that we deem unpersuasive. First, he asserts that this court should create an exception for the negligent denial of worker's compensation claims which, under Graef's theory, the Act would not cover. We are unpersuaded by Graef's argument because creating such an exception and removing the negligent denial of worker's compensation benefits from the purview of the exclusive-remedy provision of the Act would "upset[] the balance of interests achieved by the [Act]," Weiss, 208 Wis. 2d at 102, and run contrary to this court's decision in Coleman v. Am. Universal Ins. Co., 86 Wis. 2d 615, 273 N.W.2d 220 (1979), superseded by statute on other grounds, Aslakson v. Gallagher Bassett Servs., Inc., 2007 WI 39, ¶75, 300 Wis. 2d 92, 729 N.W.2d 712, and the legislative action taken in response to that decision.

¶23 In Coleman, a plaintiff alleged that his worker's compensation insurer and its adjusting company acted "arbitrarily, willfully and in bad faith" and "with malice or oppression" in arbitrarily cutting off payment of his worker's compensation claim multiple times. Coleman, 86 Wis. 2d at 618. We concluded that the allegation of bad faith was separate and distinct from the original job-related injury and thus was not addressed by the Act. Id. at 623. In doing so, we created a limited exception allowing for bad-faith denial of benefits to

14

be brought in tort. The legislature promptly responded by enacting Wis. Stat. § 102.18(1)(bp), which specifically and explicitly provided an exclusive remedy for bad faith claims against employers and their insurers under the Act. With this statute, the legislature indicated that any denial-of-benefits claim, whether negligent or in bad faith, must be brought as a worker's compensation claim. As the court of appeals aptly noted in this case, "it would be incongruent to conclude that our legislature intended for a claim that a worker's compensation insurance carrier acted in bad faith to be pursued exclusively under the Act while at the same time allowing a claim alleging negligent conduct to proceed in civil court." Graef v. Cont'l Indem. Co., No. 2018AP1782, unpublished slip op., ¶24 (Wis. Ct. App. Feb. 4, 2020).

¶24 Second, Graef argues that Continental is "trying to have it both ways" since Continental will not concede that Graef's worker's compensation claim will succeed, an issue that also concerned the circuit court. The circuit court was troubled by Continental's refusal to concede that Graef's claim would succeed as a worker's compensation case——"you're telling me that you can take a totally different position in [front of DWD]"——and insisted that Continental "can't have it both ways." This argument fails because Continental is entitled to argue to the circuit court that Graef is in the wrong forum and that, even if he were in the right forum, his claim would fail. The circuit court improperly imposed a prerequisite to the

15

exclusive-remedy provision by conditioning its application on Continental's concession that Graef would prevail under the Act.

¶25 At oral argument, Continental's counsel clarified its position. When asked: "Is it your position that Graef has no claim whatsoever against your client?" Continental's counsel responded:

> Our position is that he has a claim that he can pursue. The way he pled it, it must be pursued in worker's compensation. That doesn't mean we have to concede that he will prevail. Nobody is guaranteed to prevail on a claim if they can't prove the elements. What we will say is: if he proves what he put in his complaint, he will win in worker's compensation . . . . But that's putting the cart before the horse. He has to prove his claims.

When pressed about the language in its brief that "Graef deserves to lose" his worker's compensation claim, Continental's counsel withdrew that language and said, "I don't know if he deserves to lose. We deserve to argue that he deserves to lose." In other words, Continental was simply reserving its right to litigate in the proper forum and dispute the underlying factual allegations, which it is entitled to do.

## IV. CONCLUSION

¶26 We affirm the decision of the court of appeals and conclude that the Act provides Graef's exclusive remedy for the injuries alleged in his complaint. Therefore, we remand the case to the circuit court with directions to grant summary judgment to Continental on Graef's negligence claim.

*By the Court.*—The decision of the court of appeals is affirmed.

16

¶27 REBECCA GRASSL BRADLEY, J. *(dissenting).* The majority dismisses Francis G. Graef's tort claim prematurely without affording him an opportunity to discover or develop facts which may establish his right to assert a claim outside of Wisconsin's worker's compensation law ("the Act"). Pursuant to Wis. Stat. § 102.03(1), liability under the Act "shall exist" "only where the following conditions concur:

(a) Where the employee sustains an injury.

(b) Where, at the time of the injury, both the employer and employee are subject to the provisions of this chapter.

(c)1. Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment.

. . . .

(d) Where the injury is not intentionally self-inflicted.

(e) Where the accident or disease causing injury arises out of the employee's employment."

Under § 102.03(2), "[w]here such conditions exist <u>the right to the recovery of compensation</u> under this chapter <u>shall be the exclusive remedy</u> against the employer, any other employee of the same employer and the worker's compensation insurance carrier." (Emphasis added.)

¶28 The plain text of the statute establishes an exclusive remedy against the insurer under the Act only when the employee possesses the "<u>right</u>" to recover——that is, when the employee has

a "legal guarantee" of recovery where the statutory conditions are met. See Right, Black's Law Dictionary 1581 (11th ed. 2019) ("Something that is due to a person by just claim [or] legal guarantee"). Under the plain text of the statute, the exclusive remedy is not triggered by the mere possibility of recovery, as the majority suggests. Majority op., ¶24 ("Continental is entitled to argue to the circuit court that Graef is in the wrong forum and that, even if he were in the right forum, his claim would fail."). The statute, however, designates worker's compensation law as the exclusive remedy only if there is a "right to the recovery of compensation under" the Act. Wis. Stat. § 102.03(2). The majority interprets § 102.03(2) to establish worker's compensation law as the exclusive avenue for any relief but that is not what the statute says. Keup v. DHFS, 2004 WI 16, ¶17, 269 Wis. 2d 59, 675 N.W.2d 755 ("When the statutory language is clear and unambiguous, we may not look beyond the plain words of the statute in question to ascertain its meaning."); Bank Mut. v. S.J. Boyer Const., Inc., 2010 WI 74, ¶24, 326 Wis. 2d 521, 785 N.W.2d 462 ("[W]e apply the plain words of the statute and ordinarily proceed no further."). Although an employee has the right to recover under the Act where the statutory conditions for worker's compensation exist, in the absence of such a right to recover, the Act presents no impediment to claims based on other theories of law. The employee must, of course, prove his claim under any alternative theory of liability against the employer or insurer.

2

¶29 The majority concludes that "[t]he circuit court improperly imposed a prerequisite to the exclusive-remedy provision by conditioning its application on Continental's concession that Graef would prevail under the Act." Majority op., ¶24. The majority errs. The plain language of the statute supports the circuit court's interpretation. The prerequisite on which the circuit court relied exists in the statutory text itself. Only if the employee has "the right to the recovery of compensation under" worker's compensation law does the "recovery of compensation under" Chapter 102 constitute "the exclusive remedy" against the worker's compensation insurance carrier. Wis. Stat. § 102.03(2) (emphasis added).

¶30 The circuit court concluded that Continental was trying to "have it both ways." Continental maintained in Graef's tort case that worker's compensation law afforded the exclusive remedy, but would not concede that Graef had the right to recover under the Act; in fact, Continental contended that Graef "deserves to lose" a worker's compensation claim. The circuit court properly denied Continental's motion to dismiss[1]

---

[1] Although Continental brought a motion for summary judgment, its motion was based on the complaint alone and nothing beyond the pleadings. Summary judgment is appropriate if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2). In substance, Continental brought a motion to dismiss for failure to state a claim upon which relief can be granted. Wis. Stat. § 802.06(2)(a)6. As Continental stated in its motion, "[t]he basis of this motion . . . is that the Plaintiff's claims are barred by the Wisconsin Worker's Compensation exclusive remedy provision as set forth in Wis. Stat. § 102.03(2) and case law. Summary judgment is warranted because, under the facts as alleged and pleaded by the

because the insurer "can't have it both ways. It either is worker's comp[ensation] or it's not" and Graef "has to have a forum someplace." Because Continental refused to concede that Graef would recover under worker's compensation law, the Act could not constitute the exclusive remedy.

¶31 This does not necessarily mean that Graef (or any other employee) would actually recover under tort or any other theory of liability; however, it does mean that Chapter 102 does not foreclose bringing a claim outside of worker's compensation law. Unless Graef has the "right" to recover worker's compensation benefits, the Act does not furnish his exclusive remedy. This court has previously interpreted the text of the Act accordingly. In Jenson v. Emps. Mut. Cas. Co., 161 Wis. 2d 253, 468 N.W.2d 1 (1991), this court concluded that "Jenson's common law action is barred by the exclusivity provisions if she in all other respects is entitled to recovery under the Act." Id. at 263 (emphasis added). The same holds true for Graef. At this stage of the litigation, it remains uncertain whether Graef is entitled to any recovery under the Act. Accordingly, Graef's tort claim should survive unless and until his right to recovery under the Act is established.

¶32 The majority certainly suggests that Graef will be able to recover under worker's compensation law. It concludes that the suicide attempt was a "direct result of the original

---

Plaintiff, the case must be dismissed as a matter of law." Before this court, Continental reiterated its position that Graef's "complaint fails to state an actionable claim and must be dismissed."

4

workplace accident." Majority op., ¶19. Wisconsin courts have repeatedly held that the Act covers any injuries resulting from a suicide attempt so long as "without the [original workplace] injury, there would have been no suicide." Cohn ex rel. Shindell v. Apogee, Inc., 225 Wis. 2d 815, 820, 593 N.W.2d 921 (Ct. App. 1999); see also Brenne v. DILHR, 38 Wis. 2d 84, 92-94, 156 N.W.2d 497 (1968) ("While the act of suicide may be an independent intervening cause in some cases, it is certainly not so in those cases where the incontrovertible evidence shows that, without the injury, there would have been no suicide; that the suicide was merely an act, not a cause, intervening between the injury and the death, and that it was part of an unbroken chain of events from the injury to the death.").

¶33 The majority further concludes that there was no break in the causal chain of events between the 2012 work injury and the 2015 suicide attempt. Majority op., ¶15. "It is boiler-plate law that any medical injury as the consequence of treatment of a work-related injury relates back to the original compensable event and the consequences of medical treatment, whether the result of negligence or not, are the liability of the employer under the Act." Jenkins v. Sabourin, 104 Wis. 2d 309, 315, 311 N.W.2d 600 (1981) (citing Stiger v. Indus. Comm'n, 220 Wis. 653, 265 N.W. 678 (1936) and Lakeside Bridge & Steel Co. v. Pugh, 206 Wis. 62, 238 N.W. 872 (1931)). "It is beyond doubt at this late date in the history of our workers compensation law that injury during the course of medical

5

attention to a covered industrial injury is in itself compensable under the Act." Id. at 316.

¶34 Continental, however, has consistently contended Graef is not entitled to recover under worker's compensation law, thereby precluding operation of the exclusive remedy provision of the Act. Rather than seeking recovery under worker's compensation law, Graef instead brought a civil tort claim, asserting a break in the chain of events between his original workplace injury and his suicide attempt, and contending that the injuries he suffered as a result of the attempted suicide stem from Continental's independent, intervening, and allegedly negligent failure to approve payment of Graef's prescribed medication to treat his depression. The majority improperly denies Graef the opportunity to prove his claim in civil court.

¶35 A complaint should not be dismissed "[i]f the facts" asserted therein "reveal an apparent right to recover under any legal theory" in which case the facts "are sufficient as a cause of action." Cattau v. Nat'l Ins. Serv. of Wisconsin, Inc., 2019 WI 46, ¶4, 386 Wis. 2d 515, 926 N.W.2d 756 (citing Strid v. Converse, 111 Wis. 2d 418, 423, 331 N.W.2d 350 (1983)). "If proof of the well-pleaded facts in a complaint would satisfy each element of a cause of action, then the complaint has stated a claim upon which relief may be granted." Id., ¶6. In his complaint, Graef alleges that he was unable to take his prescribed depression medication "for approximately three months because insurance payment was denied and he could not afford the medication without insurance" and that his "self-inflicted

6

gunshot injury . . . would not have occurred had [Continental] approved and paid for the prescription." Graef contends he "suffered a new physical and emotional injury as a consequence of" Continental's negligence. Among his claims for damages, Graef seeks recovery of compensatory damages for his medical expenses, personal injuries, pain, suffering, and disability.

¶36 Proof of the facts Graef alleges in his complaint requires discovery, which Continental failed to provide in full prior to the hearing on its motion to dismiss. After the circuit court denied Continental's motion, it addressed the parties' discovery dispute. At that time, Continental reiterated its objection to producing its claim file, including "all the decisions and all the internal correspondence going back and forth about the claims, handling what was going on in this case" but the circuit court ordered Continental to produce the "whole file," subject to any claims of privilege. The majority's decision, however, directs the circuit court to dismiss Graef's claim, thereby precluding him from obtaining full discovery and denying him the opportunity to prove the facts asserted in his complaint.

¶37 By prematurely dismissing Graef's tort claim, the majority purports to preserve Continental's "right to litigate in the proper forum"——according to the majority, the DWD, under worker's compensation law——as well as Continental's right to "dispute the underlying factual allegations." Majority op., ¶25. However, if Continental prevails before the DWD under worker's compensation law, then Graef has no "right to the

7

recovery of compensation" under Wis. Stat. § 102.03(2), without which the Act cannot, as a matter of simple logic, provide the "exclusive remedy." If the Act does not provide the exclusive remedy, then as a matter of law there is no statutory bar to claims outside of the Act, including Graef's tort claim.

¶38 As the text of Wis. Stat. § 102.03(2) plainly provides, absent a right to recover compensation under Chapter 102, worker's compensation law does not provide the exclusive remedy against the insurer. I would reverse the court of appeals decision and remand the matter to the circuit court to give Graef an opportunity to develop his case. Unless and until Graef has the "right" to recover under worker's compensation law, the law affords him the opportunity to prove his tort claim. Because the majority prematurely closes the courthouse doors to Francis G. Graef, I respectfully dissent.

* * *

¶39 Aside from the merits, it is important to draw attention to footnote 7 of the majority opinion, in which the majority mentions the court of appeals' mistake in referring to wrongful death as a "common law tort" but fails to withdraw that language from the court of appeals' opinion. This could confuse the bench and bar, which may rely on or cite the court of appeals opinion for this misstatement of the law. The majority should have withdrawn the errant language from the court of appeals opinion. This court not only has the authority but the duty to do so, which it has exercised on many occasions. See,

8

e.g., In re Samuel J.H., 2013 WI 68, ¶5, 349 Wis. 2d 202, 833 N.W.2d 109.[2]

¶40 This responsibility applies not only to published court of appeals opinions but unpublished opinions as well. Cook v. Cook, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997), referred to published opinions because at the time of that decision, unpublished opinions could not be cited "except to support a claim of claim preclusion, issue preclusion, or the law of the case." Wis. Stat. § (Rule) 809.23 (1997-98). That rule changed in 2009 when this court modified Rule 809.23 to allow citation to authored but unpublished court of appeals opinions for "persuasive value." Wis. Stat. § (Rule) 809.23(3)(b); Supreme Court Order, No. 08-02, In the matter of amendment of Wis. Stat. § (Rule) 809.23(3) regarding citation to unpublished opinions (Jan. 6, 2009). This court must withdraw erroneous language from court of appeals unpublished opinions because the bar relies upon and cites to them.

---

[2] State ex rel. Zignego v. WEC, 2021 WI 32, ¶12 n.7, ___ Wis. 2d ___, 957 N.W.2d 208; Xcel Energy Servs., Inc. v. LIRC, 2013 WI 64, ¶2, 349 Wis. 2d 234, 833 N.W.2d 665; State ex rel. Town of Delavan v. Cir. Ct. for Walworth Cnty., 167 Wis. 2d 719, 727, 482 N.W.2d 899 (1992); Hatleberg v. Norwest Bank Wis., 2005 WI 109, ¶28, 283 Wis. 2d 234, 700 N.W.2d 15; Burbank Grease Servs., LLC v. Sokolowski, 2006 WI 103, ¶33, 294 Wis. 2d 274, 717 N.W.2d 781; State v. Reed, 2018 WI 109, ¶106, 384 Wis. 2d 469, 920 N.W.2d 56 (Ziegler, J., concurring); State v. Harris, 2010 WI 79, ¶34 n.12, 326 Wis. 2d 685, 786 N.W.2d 409.