**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 10, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP1045**

Cir. Ct. No.  **2021CV91**

STATE OF WISCONSIN

**IN COURT OF APPEALS**
**DISTRICT IV**

MARIBEL SANTIAGO,

   PLAINTIFF-APPELLANT,

 V.

DIDION MILLING, INC. AND
NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,

   DEFENDANTS-RESPONDENTS,

BROADSPIRE SERVICES, INC.,

   INTERVENOR.

APPEAL from an order of the circuit court for Columbia County: W. ANDREW VOIGT, Judge. *Affirmed*.

Before Graham, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Maribel Santiago brought this tort action after her husband was severely injured on the job as a temporary employee at a plant owned by Didion Milling, Inc. ("Didion"), resulting in his death.   Santiago appeals a circuit court order granting summary judgment in favor of Didion and denying Santiago's motion for reconsideration of the court's oral summary judgment ruling.   The court granted Didion's motion for summary judgment on the basis that WIS. STAT. § 102.29(6)(b)1. (2021-22) applies to bar Santiago's tort action.[1] Section 102.29(6)(b)1. provides that "[n]o employee of a temporary help agency who has the right to make a claim for compensation may make a claim or maintain an action in tort against … [a]ny employer that compensates the temporary help agency for the employee's services."   Santiago moved the court to reconsider its ruling, arguing that the retroactive application of § 102.29(6)(b)1. is unconstitutional.   The court denied Santiago's motion because Santiago raised her constitutional argument for the first time in her motion for reconsideration.

¶2     On appeal, Santiago argues that the circuit court erred on summary judgment by not considering, sua sponte, whether WIS. STAT. § 102.29(6)(b)1.'s retroactive application is constitutional.   Santiago also argues that the court erroneously exercised its discretion when it denied her motion for reconsideration and that Santiago was entitled to reconsideration because the court committed a

_____

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

manifest error of law by failing to consider whether the retroactive application of § 102.29(6)(b)1. is constitutional. For the reasons explained below, we affirm.

## BACKGROUND

¶3 Santiago's husband, Angel Luis Reyes-Sanchez, was employed by a temporary help agency and assigned as a temporary employee of Didion. Reyes-Sanchez was injured in an explosion at Didion's corn milling plant in May 2017, and he died from his injuries a week later. In November 2020, Santiago brought this tort action, alleging that Reyes-Sanchez's injuries and death were caused by Didion's negligence, claiming that Didion violated Wisconsin's safe-place statute, WIS. STAT. § 101.11, and seeking punitive damages.[2]

¶4 At the time of Reyes-Sanchez's injury and death, WIS. STAT. § 102.29(6)(b)1. stated that "[n]o employee of a temporary help agency who makes a claim for compensation may make a claim or maintain an action in tort against … [a]ny employer that compensates the temporary help agency for the employee's services." Sec. 102.29(6)(b)1. (2015-16); *see also* WIS. STAT. § 102.01(2)(am) (defining "compensation," as used in § 102.29(6)(b)1., as "worker's compensation"). In *Ehr v. West Bend Mutual Insurance Co.*, 2018 WI App 14, 380 Wis. 2d 138, 908 N.W.2d 486, we concluded that "[t]he necessary implication of" the statutory phrase "who makes a claim for compensation," as used in § 102.29(6)(b) (2015-16), "is that a temporary employee who does not make a claim for worker's compensation under the [Worker's Compensation] Act

---

[2] Broadspire Services, Inc., ("Broadspire") intervened in the circuit court as the third-party administrator for the worker's compensation insurance carrier of Reyes-Sanchez's employer. We do not discuss Broadspire's involvement further because Broadspire has not participated in this appeal and its involvement is not relevant on appeal.

is not prohibited from bringing a tort claim against his or her temporary employer." *Id.*, ¶14.

¶5     However, by the time that Santiago filed her tort action against Didion in November 2020, the legislature had abrogated *Ehr* by amending WIS. STAT. § 102.29(6)(b)1. to change the language so that a temporary employee is prohibited from bringing a tort action against the employer if the employee "*has the right to* make a claim for [worker's] compensation."[3] *Compare* WIS. STAT. § 102.29(6)(b)1. (2015-16) *with* § 102.29(6)(b)1. (emphasis added); *see also* 2017 Wis. Act 139; *Demars v. Fincantieri Marine Group, LLC*, No. 2023AP826, unpublished slip op. ¶32 n.12, (WI App Aug. 27, 2024) (discussing *Ehr*'s abrogation). The legislature revised § 102.29(6)(b)1. pursuant to 2017 Wisconsin Act 139, which "first applies to claims for worker's compensation made or civil tort claims filed on the effective date of this subsection," namely, March 2, 2018. 2017 Wis. Act 139, § 16. It is undisputed that if the current version of the statute applies, Santiago's tort action is barred because her claim was filed after March 2, 2018, and because Santiago has the right to make a claim for worker's compensation.

¶6     The parties filed cross-motions for summary judgment on whether Santiago's tort action is barred by either version of WIS. STAT. § 102.29(6)(b)1.[4] In their cross-motions, the parties disputed which version of the statute should

---

[3] For ease of reference, we refer to WIS. STAT. § 102.29(6)(b)1. (2015-16) as the "prior version" of the statute. Where not specifically stated, reference to the statute is to the current version.

[4] Santiago's motion, if granted, would not have resolved the entire case; instead, it would have only allowed Santiago to proceed with her tort action. As a result, it was actually a motion for partial summary judgment, notwithstanding its caption as a motion for summary judgment.

apply and they also disputed whether Santiago had actually made a claim for worker's compensation. The latter issue is not before us on appeal. Pertinent to this appeal, Didion argued that the current version of § 102.29(6)(b)1. applies retroactively to bar Santiago's tort action because Santiago filed the action after 2017 Wisconsin Act 139's effective date and because she had the right to make a worker's compensation claim. In response, Santiago argued that because her tort claims accrued at the time of her husband's 2017 injury and death, the prior version of the statute applies and that under the prior version, her tort claims could proceed because she had not made a claim for worker's compensation. Although Santiago argued that the current version of § 102.29(6)(b)1. did not apply to bar her tort action, she did not argue that its retroactive application would be unconstitutional.

¶7 The circuit court granted summary judgment in favor of Didion because it concluded that the current version of WIS. STAT. § 102.29(6)(b)1., as amended by 2017 Wisconsin Act 139, applies to bar Santiago's tort action and to limit her remedies to those available pursuant to a worker's compensation claim.[5] After the court's oral ruling granting summary judgment in favor of Didion, Santiago moved the court to reconsider its summary judgment decision. Relevant here, Santiago argued for the first time that the retroactive application of the current version of § 102.29(6)(b)1. violates the due process clauses of the United States and Wisconsin Constitutions. The court ordered the parties to fully brief the issue, which they did. In an oral decision, the court denied Santiago's motion for

---

[5] In light of its determination that the current version of WIS. STAT. § 102.29(6)(b)1. applies, the circuit court concluded that it was immaterial whether, under the prior version of the statute, Santiago had made a worker's compensation claim.

reconsideration because Santiago did not raise her constitutional argument on summary judgment.

¶8 Santiago appeals. Additional facts will be provided as necessary in the discussion that follows.

## DISCUSSION

¶9 Santiago challenges both the circuit court's grant of summary judgment in favor of Didion and the court's denial of Santiago's motion for reconsideration. We address, and reject, Santiago's arguments regarding each of the court's decisions in turn.

*I. Summary Judgment*

¶10 We independently review a grant or denial of summary judgment, using the same methodology as the circuit court. **_Hardy v. Hoefferle_**, 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶11 The circuit court granted summary judgment to Didion based on its conclusion that the current version of WIS. STAT. § 102.29(6)(b) applies to bar Santiago's tort action, making worker's compensation benefits Santiago's exclusive remedy. The court relied on the effective date set forth in 2017 Wis. Act 139, which states that the revised statute "first applies to claims for worker's compensation made or civil tort claims filed on [March 2, 2018]." *See* 2017 Wis. Act 139, § 16. On appeal, Santiago does not challenge the meaning of this

unambiguous language, pursuant to which the current version of the statute applies to tort actions filed after March 2, 2018. Instead, Santiago challenges the grant of summary judgment to Didion on two grounds. First, she argues that the retroactive application of § 102.29(6)(b)1. conflicts with WIS. STAT. § 102.03(4). Second, she argues that, after determining that § 102.29(6)(b)1. applies retroactively to bar Santiago's tort action, the court improperly failed to consider whether its retroactive application was constitutional. We are unpersuaded by Santiago's arguments, and therefore conclude that summary judgment was properly granted in favor of Didion.

### A. WISCONSIN STAT. § 102.03(4)

¶12     Santiago argues that the "retroactive application of [WIS. STAT. § 102.29(6)(b)1.] creates a conflict with [WIS. STAT. §] 102.03(4)." Section 102.03(4) states, in relevant part, that "[t]he right to compensation and the amount of the compensation shall in all cases be determined in accordance with the provisions of law in effect as of the date of the injury." *See also* WIS. STAT. § 102.01(2)(am) (defining "compensation" as "worker's compensation"). Although it is not entirely clear from the briefing, Santiago appears to argue that § 102.29(6)(b)1. "is governed by § 102.03(4)" because § 102.29(6)(b)1. "is a worker's compensation law … that affects an employee's right to compensation [in that] it limits said right if the employee makes a tort claim."[6] Santiago further

---

[6] We say "appears to argue" because Santiago does not develop this argument in the "argument" section of her brief. Instead, this argument is apparent only by referencing a summary, from the "factual background" section of Santiago's appellant's brief, of what was argued before the circuit court. Additionally, we observe that Santiago does not respond to Didion's arguments that no such conflict exists. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (failure by appellant to respond in reply brief to an argument made in respondent's brief may be taken as a concession).

states that when the potential for conflict exists between statutes, they must be interpreted to avoid the conflict if a reasonable construction so allows.

¶13    To be sure, "[i]f the potential for conflict between … statutes is present, we will read the statutes to avoid such conflict if a reasonable construction so permits." ***Providence Cath. Sch. v. Bristol Sch. Dist. No. 1***, 231 Wis. 2d 159, 178, 605 N.W.2d 238 (Ct. App. 1999).  However, here, 2017 Wis. Act 139, § 16 explicitly states that it "first applies to … civil tort claims filed on [March 2, 2018]."  Even if we assume that there is a conflict between WIS. STAT. § 102.29(6)(b)1. and WIS. STAT. § 102.02(4), Santiago does not argue that this explicit language regarding § 102.29(6)(b)1.'s effective date can reasonably be interpreted so that § 102.29(6)(b)1. does not bar her tort action, and we thus reject her argument.  *See **Clean Wisconsin, Inc. v. PSC***, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 (we need not address undeveloped arguments).

### B. Constitutionality of WIS. STAT. § 102.29(6)(b)1.'s retroactive application.

¶14    Relying on ***Martin v. Richards***, 192 Wis. 156, 531 N.W.2d 70 (1995), Santiago argues that after the circuit court determined that WIS. STAT. § 102.29(6)(b)1. barred her tort action, the court was required to consider whether the retroactive application of the statute would be constitutional.  We conclude that because Santiago did not raise her constitutional argument during the summary judgment proceedings, and because retroactive legislation is presumed constitutional, the court was not required to consider whether applying § 102.29(6)(b)1. to bar Santiago's tort action was constitutional.  We further conclude that the authority upon which Santiago relies does not support her position to the contrary.

8

¶15 In ***Martin***, our supreme court concluded that the retroactive application of a statutory cap on noneconomic damages violated due process after the court "weigh[ed] the public interest served by the retroactive statute against the private interests … overturned by it." ***Martin***, 192 Wis. 2d at 196, 198, 201. The ***Martin*** court undertook this constitutional analysis after it concluded that "[i]t [was] clear that the legislature intended the cap to be given retroactive effect." ***Id.*** at 199. Significantly, however, the court explained that "[r]etroactive legislation enjoys a presumption of constitutionality, and the challenger bears the burden of overcoming that presumption." ***Id.*** at 200; *see also* ***Landgraf v. USI Film Prod.***, 511 U.S. 244, 267 (1994) ("Absent a violation of [a specific constitutional provision], the potential unfairness of retroactive civil legislation is not a sufficient reason for a court to fail to give a statute its intended scope."). Consistent with this presumption, the court undertook this constitutional analysis after the Martins specifically argued that the cap's retroactive application was unconstitutional. ***Martin***, 192 Wis. 2d at 197-98. Although the ***Martin*** court recognized that "retroactive legislation … is viewed with some degree of suspicion" because it "presents unique constitutional problems in that it often unsettles important rights," ***id.*** at 201, ***Martin*** does not, as Santiago argues, establish that a constitutional analysis must necessarily follow a determination that a statute applies retroactively, even when a party does not raise a constitutional challenge.[7]

---

[7] Although Santiago relies primarily on ***Martin*** to argue that the circuit court was required to consider the constitutionality of WIS. STAT. § 102.29(6)(b)1.'s retroactive application on summary judgment even though Santiago did not raise the issue, Santiago also cites a number of other cases decided after ***Martin***. These cases confirm that retroactive statutes are presumed constitutional. *See* ***Neiman v. American Nat'l Prop. & Cas. Co.***, 2000 WI 83, ¶16, 236 Wis. 2d 411, 613 N.W.2d 160 ("[L]ike prospective acts, retroactive legislative enjoys a presumption of constitutionality."); ***Matthies v. Positive Safety Mfg. Co.***, 2001 WI 82, ¶26, 244 Wis. 2d 720, 628 N.W.2d 842 ("'Retroactive legislation enjoys a presumption of constitutionality, and the challenger bears the burden of overcoming that presumption.' That burden is demonstrating the

(continued)

¶16    Here, as stated, when Didion moved for summary judgment, Didion argued that WIS. STAT. § 102.29(6)(b)1. applied retroactively to bar Santiago's tort action.    In response, Santiago argued that § 102.29(6)(b)1. did not apply retroactively as a matter of statutory interpretation, but Santiago did not argue that the retroactive application of § 102.29(6)(b)1. is unconstitutional.

¶17    In sum, we reject Santiago's challenge to the circuit court's summary judgment ruling because retroactive statutes are presumed to be constitutional, because Santiago did not argue on summary judgment that applying WIS. STAT. § 102.29(6)(b)1. retroactively is unconstitutional, and because Santiago provides no authority that supports the proposition that a court is required to engage in a constitutional analysis when no party has raised a constitutional challenge.

## II. Motion for Reconsideration

¶18    "To succeed, a reconsideration movant must either present 'newly discovered evidence or establish a manifest error of law or fact.'"    **Bauer v. Wisconsin Energy Corp.**, 2022 WI 11, ¶13, 400 Wis. 2d 592, 970 N.W.2d 243 (quoting **Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.**, 2004 WI App 129, ¶44, 275 Wis. 2d 397, 685 N.W.2d 853).    A "manifest error" is the "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"    **Koepsell's**, 275 Wis. 2d 397, ¶44 (quoting **Oto v. Metropolitan Life Ins. Co.**, 224 F.3d 601, 606 (7th Cir. 2000)).    "[W]e review a

---

unconstitutionality of the legislation beyond a reasonable doubt.") (quoting **Martin**, 192 Wis. 2d at 200).  Further, like **Martin**, none of these cases support the proposition that a court is required to consider whether the retroactive application of a statute is constitutional even when the constitutional issue is not raised by a party.

circuit court's denial of reconsideration for an erroneous exercise of discretion, meaning that we affirm the circuit court's decision unless it 'fails to examine the relevant facts, applies the wrong legal standard, or does not employ a demonstrated rational process to reach a reasonable conclusion.'" *Bauer*, 400 Wis. 2d 592, ¶11 (quoting *Borreson v. Yunto*, 2006 WI App 63, ¶6, 292 Wis. 2d 231, 713 N.W.2d 656).

¶19 Santiago argues that the circuit court's failure to consider, when it granted summary judgment to Didion, whether the retroactive application of WIS. STAT. § 102.29(6)(b)1. is unconstitutional was a manifest error of law, and that the court was thus required to reconsider its summary judgment ruling. We disagree.

¶20 At a hearing on the parties' cross-motions for summary judgment, the circuit court determined that the current version of WIS. STAT. § 102.29(6)(b)1. applied and granted summary judgment in favor of Didion. Nine days after the hearing at which the court orally granted summary judgment in favor of Didion, but before a written order had been entered, Santiago moved for reconsideration. Specifically, Santiago argued that when the court made its summary judgment ruling it was required to, but did not, consider whether the retroactive application of § 102.29(6)(b)1. is constitutional. The court denied Santiago's motion for reconsideration because Santiago did not raise her constitutional argument until her motion for reconsideration. In doing so, the court relied on *Bauer*. There, our supreme court stated:

> [A] "manifest error" must be more than disappointment or umbrage with the ruling; it requires a heightened showing of "wholesale disregard, misapplication, or failure to recognize controlling precedent." Simply stated, "a motion for reconsideration is not a vehicle for making new arguments … after the court has decided a motion for summary judgment."

11

*Bauer*, 400 Wis. 2d 592, ¶14 (quoted sources omitted).[8]

¶21 Santiago does not argue that the circuit court applied the wrong legal standard, and thus erroneously exercised its discretion, when it relied on *Bauer*. In fact, Didion argues that *Bauer* applies and Santiago does not argue otherwise, thereby conceding the point. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 108-09, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments are deemed conceded). We thus conclude that *Bauer* provides the relevant legal standard. Using that standard, the court's reasoning was straightforward: because Santiago did not raise her constitutional argument on summary judgment, Santiago was barred from raising it for the first time in her motion for reconsideration. The court did not erroneously exercise its discretion when it denied Santiago's motion for reconsideration under *Bauer*, and Santiago's arguments to the contrary are unpersuasive.

¶22 Santiago argues that the circuit court's failure to consider whether the retroactive application of WIS. STAT. § 102.29(6)(b)1. is constitutional in its summary judgment ruling was a manifest error of law and that the court therefore should have granted Santiago's motion for reconsideration. However, as we have already explained, Santiago did not raise her constitutional argument on summary judgment, and retroactive statutes are presumed to be constitutional. As a result, it

---

[8] In denying Santiago's motion for reconsideration, the circuit court observed:

> [R]econsideration is always an uphill climb for the moving party for pretty obvious reasons. No court ever wants to invest the time, effort, and energy necessary to make difficult decisions that are required in this job, only to be told[,] oops, there's this thing we forgot to tell you about, but it makes a huge difference in your decision making, so you've got to start over and do it all again.

was not a manifest error for the court not to address whether § 102.29(6)(b)1.'s retroactive application is constitutional.

¶23  Santiago also argues that "[r]equesting a complete analysis of an issue before the [circuit] court is different than presenting a new argument," and that she was not asking for a "second bite at the apple," but rather for "the court to finish chewing what was bitten off by the parties in the first place." But because retroactive statutes are presumed constitutional, a constitutional analysis does not necessarily follow a determination that a statute applies retroactively. Santiago's constitutional argument was thus a new one that the court properly rejected under *Bauer*. As set forth below, Santiago's other arguments are similarly unavailing.

¶24  After Santiago moved for reconsideration, the circuit court held a status conference and ordered the parties to fully brief the issues raised in Santiago's motion. Santiago argues the court should have granted her motion for reconsideration because the constitutional issue had been fully briefed by both parties. As noted above, however, Santiago does not argue that *Bauer* is distinguishable such that the rule from *Bauer* should not apply. Additionally, Santiago cites *Luckett v. Cowser*, 39 Wis. 2d 224, 159 N.W.2d 94 (1968), to support her argument that the constitutional issue was fully briefed, but she does not provide any legal authority to support her argument that when an issue has been fully briefed, a court must consider that issue, notwithstanding that the issue was forfeited. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered").

¶25  Santiago also suggests that it was the circuit court's fault that she did not raise the constitutional issue during the summary judgment proceedings.

Specifically, she argues that the circuit court "limited [her counsel's] argument on the issue of retro-application, literally stopping [counsel] mid-sentence to deliver [the] ruling against her." At the hearing, the court questioned whether the current version of WIS. STAT. § 102.29(6)(b)1. should apply to bar Santiago's tort action, and during Santiago's counsel's response, the court eventually interjected.

> THE COURT: Doesn't the new law say specifically though that civil tort claims filed, right? That's the part where [Didion's counsel] is hanging his hat on here. This doesn't sound retrospective to me.
>
> [SANTIAGO'S COUNSEL]: Well, I believe the issue is, it doesn't say specifically that it applies to when civil tort claims are filed or when work -- those are claims in which an incident arises out of an incident in [the] May 2017 explosion. So that's what the case is arising out of.
>
> I understand the claim was potentially filed after that, but I don't believe the statute applies in that way[,] in terms of what the legislature intended by that. So maybe --
>
> THE COURT: All right. Well, in the interest of giving everyone else an opportunity today, … this is what I believe I can conclude at this point.

The court went on to say that it would rule on the issue of which version of the statute applied at a later hearing. Santiago argues that "a logical progression" of the argument that counsel had been making was that if the court did conclude that the statute applied retroactively, it would have to consider the constitutionality of such a retroactive application.

¶26 We reject Santiago's argument for a number of reasons. First, Santiago's counsel never raised Santiago's constitutional argument in Santiago's summary judgment briefing, and Santiago presents no basis for us to conclude that counsel would have raised this argument during the hearing were it not for the court's interruption. Second, at the end of the hearing, after the interruption, the

14

court asked Santiago's counsel whether there was anything else that needed to be addressed, and counsel said "[n]o." Third, contrary to what Santiago suggests, the court did not interrupt counsel and then immediately deliver its ruling—instead, the court delivered its oral ruling at a different hearing, 15 days after the hearing at which Santiago argues counsel was interrupted. As Didion points out, Santiago could have submitted an argument to the court on the topic of constitutionality during the 15 days between the hearing dates, but did not.

¶27    In an attempt to excuse the failure to make a constitutional argument before her motion for reconsideration, Santiago argues that "there is no requirement that the reason for reconsideration was a subject of discussion, testimony, or debate at the original trial or hearing," and cites case law interpreting WIS. STAT. § 805.17(3), namely, *Village of Thiensville v. Olsen*, 223 Wis. 2d 256, 262, 588 N.W.2d 394 (Ct. App. 1998). Section 805.17(3) is titled "Reconsideration Motions," and provides that a court "may amend its findings or conclusions or make additional findings or conclusions and may amend the judgment accordingly." Santiago's argument misses the mark because, as Didion correctly points out, § 805.17(3) applies only to motions for reconsideration filed after court trials, and not to motions for reconsideration filed after summary judgment. *See Continental Cas. Co. v. Milwaukee Metro. Sewerage Dist.*, 175 Wis. 2d 527, 533, 499 N.W.2d 282 (Ct. App. 1993). Moreover, as noted, Santiago does not argue that *Bauer* does not apply, and *Bauer* addresses generally a circuit court's "inherent discretion to entertain motions to reconsider 'nonfinal' pre-trial rulings." *Bauer*, 400 Wis. 2d 592, ¶13.

¶28    Accordingly, we conclude that Santiago has failed to show that the circuit court erroneously exercised its discretion in denying Santiago's motion for reconsideration.

15

## CONCLUSION

¶29    For the reasons stated above, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.